**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**IN RE:**

**AMILCAR NORAT COLLAZO** CASE NO. 26-03166 (ESL)

Debtor CHAPTER 13

**DEBTOR'S SUPPLEMENTAL RESPONSE IN COMPLIANCE WITH THE COURT'S AUGUST 25, 2026 ORDER AND FURTHER SHOWING IN SUPPORT OF CONTINUATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(3)(B)**

TO THE HONORABLE COURT:

COMES NOW the Debtor, **Amilcar Norat Collazo** ("Debtor"), through undersigned counsel, and respectfully submits this Supplemental Response in compliance with the Court's Order entered following the hearing held on August 25, 2026, and in further support of Debtor's request for continuation of the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B), and respectfully states:

## I. INTRODUCTION

1. On August 25, 2026, the Court held a hearing concerning Debtor's request for continuation of the automatic stay and the objections filed by the United States Trustee and creditor Sandra L. González Colón.

2. Following the hearing, the Court identified three matters requiring supplementation: **(1)** the construction contracts submitted by Debtor had not been presented in the English language; **(2)** the record did not contain sufficient information concerning the expenses associated with those contracts to determine the income actually generated therefrom, which the Court considered relevant both to changed circumstances and to feasibility; and **(3)** because Debtor has limited assets that have been claimed as exempt, the Court questioned how denial of continuation of the automatic stay would affect Debtor.

3. The Court therefore ordered Debtor to supplement his request addressing those concerns and the oppositions filed by the United States Trustee and creditor Sandra L. González Colón.

4. Debtor now submits the construction agreements in the English language and monthly financial reports documenting the economic performance of the projects from April through August 2026.

5. Those reports provide information that was not previously before the Court in an organized form: actual receipts, subcontractor expenses, material expenses, operating expenses, and the cash remaining at the project level after those reported expenditures.

6. Debtor respectfully emphasizes, however, that the project-level cash reflected in these reports should not be equated automatically with Debtor's personal disposable income or with a final distribution available to him from the corporation.

7. The construction projects remain in progress. The corporation must complete its contractual obligations before the Debtor's ultimate economic benefit from those projects can be finally determined.

8. Accordingly, the amended plan does not attempt to promise a lump-sum contribution based upon unrealized or unliquidated corporate profits. Instead, Debtor has proposed a conservative lump-sum amount based upon the actual operating history presently available, subject to future adjustment once the projects are completed and the corporation's actual net benefit can be determined.

## II. GOOD FAITH UNDER § 362(c)(3) IS AN OBJECTIVE, FACT-INTENSIVE INQUIRY BASED UPON THE TOTALITY OF THE CIRCUMSTANCES

9. Section 362(c)(3)(B) requires the Debtor to demonstrate that the later filing was made in good faith as to the creditors sought to be stayed.

10. The Bankruptcy Code does not define "good faith" as an abstract moral or emotional concept. Rather, courts in the First Circuit evaluate good faith through an examination of the **totality of the circumstances**.

11. In *Sullivan v. Solimini (In re Sullivan)*, 326 B.R. 204, 211-12 (B.A.P. 1st Cir. 2005), the Bankruptcy Appellate Panel recognized that the determination of good faith is inherently fact-intensive and must be made from the totality of the circumstances rather than by application of a single rigid test.

12. Likewise, in *Berliner v. Pappalardo (In re Puffer)*, 674 F.3d 78, 82-83 (1st Cir. 2012), the First Circuit rejected categorical approaches to good faith and required a holistic consideration of the relevant circumstances.

13. Thus, good faith does not turn upon whether a debtor is subjectively sympathetic, whether creditors believe the debtor deserves another opportunity, or whether the debtor merely expresses an intention to perform.

14. The inquiry instead examines **objective facts**, including the reasons for the prior dismissal, whether the circumstances that produced the prior failure have been corrected, whether a substantial and verifiable financial change has occurred, and whether there is an objective basis to conclude that the present Chapter 13 plan can be confirmed and performed.

15. That approach is particularly appropriate under § 362(c)(3)(C)(i)(III), because Congress itself identified as relevant whether there has been a **substantial change in the financial**

**or personal affairs of the debtor** or another reason to conclude that the later case will result in a confirmed plan that will be fully performed.

16. Therefore, where, as here, the changed circumstances asserted by Debtor are principally financial, the most probative evidence consists of objective financial facts: actual business activity, actual receipts, actual expenses, actual positive project performance, current plan payments, current domestic support payments, and the realistic ability to fund the proposed Chapter 13 plan.

17. The Court should consequently evaluate the present case upon those objective circumstances rather than upon an abstract assessment of Debtor's subjective intentions.

## III. THE CONSTRUCTION ACTIVITY CONSTITUTES AN OBJECTIVELY VERIFIABLE CHANGE IN DEBTOR'S FINANCIAL CIRCUMSTANCES

18. The Objecting Creditors have correctly emphasized that Debtor must demonstrate a meaningful change between dismissal of the immediately preceding case and commencement of this case.

19. Their Sur-Reply specifically argues that, because the contractual relationship allegedly began around March 30, 2026, Debtor should be able to establish whether the activity was actually producing improved financial circumstances before the July 9 petition date.

20. The supplemental reports now provide that evidence.

21. By April 2026, the Juan Vázquez project had already generated **$50,700.00 in actual cash receipts**, while reporting $19,800.00 in subcontractor expenses and $16,500.00 in materials, leaving $14,400.00 in positive project-level cash after the expenses reflected for that month.

22. During the same month, the Dr. Santiago Ulloa project generated **$30,000.00 in actual receipts**, against reported operating expenditures of $20,425.00, including subcontractors, telephone, utilities, transportation, vehicle expenses, insurance, materials, and repairs.

23. Thus, more than two months before the July 9 petition date, the construction operations were already generating actual business revenue and positive cash after the reported project expenses.

24. The projects continued producing positive operating results in May and June, further demonstrating that the change was not created after the bankruptcy filing or after the objections were raised.

25. This chronology is significant under the framework articulated by *Sullivan* and *Puffer*. The Court need not rely upon Debtor's subjective statement that his financial situation has improved. The documentary evidence shows that economically productive construction activity existed before the present petition and continued thereafter.

## IV. THE SUPPLEMENTAL REPORTS ANSWER THE COURT'S QUESTION CONCERNING PROJECT EXPENSES

26. The Court specifically expressed concern that the prior record disclosed contract values but did not disclose the expenses necessary to determine the actual economic benefit associated with those contracts.

27. The monthly reports directly address that concern.

### A. Juan Vázquez Project

28. The reports reflect approximately the following operating results:

| Month | Actual Receipts | Reported Project Expenses | Positive Project-Level Cash |
|---|---|---|---|
| April | $50,700 | $36,300 | $14,400 |
| May | $35,000 | $21,500 | $13,500 |
| June | $26,000 | $17,000 | $9,000 |
| July | $24,000 | $15,500 | $8,500 |
| August | $35,000 | $25,000 | $10,000 |
| **Total** | **$170,700** | **$115,300** | **$55,400** |

29. For example, the July report reflects $24,000.00 in receipts, together with $8,000.00 in subcontractor expenses and $7,500.00 in materials.

30. The August report reflects $35,000.00 in receipts, $14,000.00 in subcontractor expenses, and $11,000.00 in materials.

**B. Dr. Santiago Ulloa Project**

31. The reports reflect approximately:

| Month | Actual Receipts | Reported Project Expenses | Positive Project-Level Cash |
|---|---|---|---|
| April | $30,000 | $20,425 | $9,575 |
| May | $28,000 | $20,425 | $7,575 |
| June | $24,000 | $17,425 | $6,575 |
| July | $22,000 | $15,425 | $6,575 |
| August | $16,000 | $11,225 | $4,775 |
| **Total** | **$120,000** | **$84,925** | **$35,075** |

32. The August report, for example, reflects $16,000.00 in receipts and $11,225.00 in reported operating expenses.

33. Collectively, the two projects reflect approximately **$290,700.00 in actual receipts** and approximately **$200,225.00 in reported project expenses** from April through August.

34. The resulting approximately **$90,475.00** demonstrates positive economic performance at the project level.

35. Debtor does **not**, however, represent that the entire $90,475.00 constitutes presently available personal income to Debtor.

## V. THE PROJECTS MUST BE COMPLETED BEFORE DEBTOR'S ACTUAL ECONOMIC BENEFIT FROM THE CORPORATION CAN BE FINALLY DETERMINED

36. This distinction is important in evaluating both feasibility and the amount of any proposed lump-sum contribution.

37. The construction contracts are being performed through the corporation. The monthly reports reflect the operating activity of the projects and demonstrate that the business activity is economically viable.

38. They do not establish that each dollar remaining at the end of a reporting period has become an unconditional personal distribution to Debtor.

39. Construction projects necessarily remain subject to continued performance and further expenditures until completion. Until the projects are finished, the corporation cannot perform a final accounting and determine the actual economic benefit ultimately attributable to those projects.

40. Therefore, the presently reported project-level cash cannot fairly be treated as though it were a final, liquidated corporate profit immediately distributable to the Debtor.

41. Nor would it be financially prudent for Debtor to commit funds necessary to complete the construction contracts simply to increase a present lump-sum payment, because doing so could impair completion of the very projects that are producing the income upon which the Chapter 13 plan depends.

42. The economically rational course—and the course most consistent with successful Chapter 13 performance—is to allow the corporation to complete the projects, determine the final economic result, and thereafter determine the amount of additional funds that can responsibly be devoted to the plan.

43. The amended plan therefore utilizes a **conservative estimate** rather than an unsupported projection of final profit.

44. Debtor presently proposes annual lump-sum contributions of **$15,000.00**, based upon the operating information available at this stage.

45. That amount should not be construed as a representation that $15,000.00 is the maximum amount Debtor will ever be capable of contributing.

46. Rather, it is the amount Debtor can responsibly project **before final project completion and accounting**, without jeopardizing the corporation's ability to perform its remaining contractual obligations.

47. Once the projects are completed and the corporation's final economic benefit is ascertainable, Debtor will be in a materially better position to determine whether the proposed lump-sum contribution may appropriately be increased.

48. Accordingly, the fact that Debtor has not presently proposed to remit every dollar reflected in the monthly reports does not undermine good faith. It reflects the economic reality that ongoing project cash and final distributable benefit are not the same thing.

## VI. THE CONSERVATIVE LUMP-SUM ESTIMATE SUPPORTS, RATHER THAN UNDERMINES, GOOD FAITH

49. The Objecting Creditors have argued that the absence of a larger immediate lump-sum payment undermines Debtor's position. Their Sur-Reply questions why the asserted financial improvement has not resulted in a more substantial upfront contribution.

50. That argument assumes that the positive cash reflected in an unfinished construction project is equivalent to money already earned and freely distributable to the Debtor.

51. The supplemental evidence demonstrates why that assumption is incorrect.

52. The projects remain active. Their continued performance requires the corporation to retain sufficient funds to satisfy the obligations necessary to bring those contracts to completion.

53. Only after completion can the Debtor determine the actual corporate benefit attributable to the projects and therefore the amount realistically available for an enhanced lump-sum payment.

54. The $15,000.00 annual commitment is consequently not speculative in the manner of the original $130,500.00 proposed lump sum.

55. The original proposal depended upon unspecified future business projects. By contrast, the present estimate is grounded in **identified contracts, actual performance, actual receipts, actual reported expenses, and several months of positive operating history**.

56. Conservative estimation in these circumstances is evidence of financial realism, not bad faith. A Chapter 13 plan is more likely to succeed when it is based upon amounts that can reasonably be performed rather than upon an artificially inflated projection that depends upon unfinished projects producing a particular final profit.

## VII. CURRENT PERFORMANCE PROVIDES ADDITIONAL OBJECTIVE EVIDENCE OF GOOD FAITH

57. The history of the prior case is relevant under the totality-of-the-circumstances analysis articulated in *Sullivan* and *Puffer*.

58. But the prior case cannot be examined in isolation from the circumstances existing today.

59. The Objecting Creditors have emphasized that the prior case was dismissed after Debtor failed to make effective plan payments.

60. The present case is materially different in actual performance.

61. Debtor is current with all Chapter 13 plan payments due in this case.

62. Debtor is also current with all post-petition domestic support obligations.

63. These are objective facts, not expressions of intent.

64. They demonstrate that the construction activity documented in the reports is presently permitting Debtor to perform the obligations required by Chapter 13.

65. The distinction is therefore not merely that Debtor promises to do better in this case. The distinction is that **he is performing differently in this case**.

66. Under the totality-of-the-circumstances approach required by *Sullivan* and *Puffer*, present performance, verifiable prepetition financial improvement, actual post-petition income-producing activity, and a plan based upon conservative rather than speculative estimates collectively support a finding of good faith.

## VIII. DENIAL OF CONTINUATION OF THE STAY WOULD IMPAIR THE INCOME-PRODUCING MECHANISM UPON WHICH THE PLAN DEPENDS

67. The Court also questioned how denial of continuation would affect Debtor given his limited exempt assets.

68. The answer is that the principal purpose of continuation of the stay in this case is not to preserve exempt property.

69. The principal objective is to preserve the Debtor's ability to continue producing the income required to perform the plan.

70. The successful completion of the construction projects requires Debtor's continued participation in the corporation's operations and completion of the underlying contractual work.

71. That continuing income-producing capacity is the source from which the Debtor proposes to fund his Chapter 13 obligations and satisfy the substantial domestic support claims.

72. Debtor recognizes that 11 U.S.C. § 362(b)(2) excepts specified domestic-support proceedings and collection activity from the automatic stay.

73. Debtor therefore does not seek relief beyond the protection authorized by § 362(a). Nevertheless, to the extent the stay is applicable, continuation protects the economic stability necessary for Debtor to complete the projects, obtain the final benefit from those projects, perform the plan, and continue paying his domestic support obligations.

## IX. THE TOTALITY OF THE CIRCUMSTANCES ESTABLISHES GOOD FAITH

75. The First Circuit's approach in *Puffer* and the First Circuit BAP's analysis in *Sullivan* require consideration of the entire factual record, rather than a categorical judgment based upon one adverse factor.

76. The present record establishes:

a. the relevant construction activity began before the present bankruptcy filing;

b. substantial actual revenues were being generated before July 9, 2026;

c. actual project expenses can now be identified;

d. the projects have produced positive operating results for multiple consecutive months;

e. Debtor has not improperly characterized all corporate project cash as personal disposable income;

f. the projects remain incomplete, and their final economic benefit cannot yet be calculated with precision;

g. the proposed $15,000.00 annual lump sum is therefore a conservative estimate based upon presently verifiable financial information;

h. the lump sum may be reevaluated once the projects are completed and the corporation's actual economic benefit can be determined;

i. Debtor is current with his Chapter 13 plan payments; and

j. Debtor is current with his post-petition domestic support obligations.

77. These facts constitute substantially more than subjective assurances of future performance.

78. They constitute the type of objective, verifiable evidence contemplated by § 362(c)(3)(C)(i)(III): a material financial change and a concrete basis for concluding that the present case can result in a confirmed plan that will be fully performed.

79. Accordingly, whether the statutory presumption applies or not, Debtor respectfully submits that the totality of the circumstances establishes good faith as required by § 362(c)(3)(B), and, to the extent necessary, rebuts any applicable presumption by clear and convincing evidence.

**X. CONCLUSION**

WHEREFORE, Debtor respectfully requests that this Honorable Court:

**A.** Find that Debtor has complied with the Court's August 25, 2026 Order;

**B.** Consider the English-language construction contracts and the supplemental monthly financial reports;

**C.** Find that the reports establish actual, objectively verifiable construction activity, receipts, expenses, and positive project-level economic performance beginning before the petition date;

**D.** Find that the ultimate benefit available to Debtor from the corporation cannot be finally determined until completion of the projects and final accounting thereof;

**E.** Find that the presently proposed annual lump-sum payment constitutes a reasonable and conservative estimate based upon presently available financial evidence and does not foreclose an appropriate increase after completion of the projects;

**F.** Find that Debtor's current compliance with his Chapter 13 plan payments and post-petition domestic support obligations constitutes further objective evidence of present feasibility and good faith;

**G.** Find that Debtor has established good faith under the totality of the circumstances pursuant to 11 U.S.C. § 362(c)(3)(B);

**H.** Overrule the objections to continuation of the automatic stay;

**I.** Continue the automatic stay to the extent authorized by 11 U.S.C. § 362(a) and subject to the exceptions contained in § 362(b); and

**J.** Grant such other relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY on this same date I electronically filed the foregoing document with the clerk of the court using the CM/ECF System which will send notification of such filing to the following: Jose R. Carrion, Chapter 13 Trustee; US Trustee; and to all creditors registered to said system. On this date, I have sent copy of said document by regular mail to all parties in interest that are non CM/ECF participants as of the creditor matrix attached hereto and all parties in interest.

In San Juan, Puerto Rico, this 8th, day of September 2026.

ALEXANDRA BIGAS LAW OFFICE
Attorneys for Debtor
P.O. Box 7462
Ponce, P.R. 00732-7462
Tel. 844-1444; Fax 842-4090

/s/ Alexandra Bigas Valedon
ALEXANDRA BIGAS VALEDON
U.S.D.C. NO. 220109
alexandra.bigas@gmail.com

24-137....

# PROFESSIONAL SERVICES CONTRACT

## APPEARING PARTIES:

**AS THE FIRST PARTY:** Coamo Builders Corp., holding registration number 389,042 and Employer Social Security number 66-0871060, a construction and remodeling firm represented herein by its principal partner, Mr. Amilcar Norat Collazo of legal age, married, and a resident of Coamo, Puerto Rico—hereinafter referred to as THE CONTRACTOR.--------------------

**AS THE SECOND PARTY:** Juan A. Vasquez of legal age, married, and a resident of the Las Picuas sector in Río Grande representing the OWNER. Both parties possess the legal capacity to formalize this act and do so freely and voluntarily. --------------------------------------------------------

## STATE:

**FIRST:** That THE CONTRACTOR, with the aim of performing its duties in the most appropriate manner possible, shall carry out the work related to the construction of the residence in the Las Picuas Sector of Río Grande.------------------------------------------------------------------

[2 sets of initials]

**SECOND:** THE OWNER certifies possessing the financial resources to carry out the aforementioned construction for the project in question. ------------------------------------------------

**THIRD:** The parties, in their respective capacities, agree to execute this Professional Services Contract, subject to the following:-------------------------------------------------------------------------

## CLAUSES AND CONDITIONS

**FIRST: Scope of Work**

THE CONTRACTOR shall provide continuous service throughout the construction activity for the duration thereof located in Río Grande, Puerto Rico, with the objective of ensuring strict compliance with all provisions set forth in the project specifications and/or agreed-upon terms, so that the result achieved matches the outcome expected by THE OWNER.-----------------------------

**SECOND:** The services to be provided by THE CONTRACTOR consist of the construction of the

residence, which shall be a two-level structure measuring one thousand three hundred and thirty-eight (1,338) square feet. This work shall be in accordance with agreed-upon terms and plans provided during meetings with THE OWNER. The work to be performed includes:-----------------

- Construction of a concrete residence, built from the foundation up, including footings, floors, columns, concrete and block walls, beams, and roofs. Ceiling height will be nine feet.
- The residence will be a two-level structure featuring an open-concept space on the first level with a bathroom; it will have a half-height wall on the right side and at the front of the residence. It will also feature a half-height wall on the left side and at the front of the residence.
- The second level will include two bedrooms, a living-dining area, a kitchen, two bathrooms, a laundry area, and a balcony.
- This work includes complete electrical installations, storm drainage plumbing, sanitary plumbing, and plastering/rendering of all constructed elements. It also includes the construction of underground plumbing extending to the front of the property, including the meter box.
- Construction of the plumbing system required for the entire residence.
- All materials used in the residence will be approved under Puerto Rico's building code.
- It will include the construction of a retaining wall, a driveway from the residence to the road, a front wall for the residence, and provisions for an electric gate.

[2 sets of initials]

- This work includes site preparation, debris disposal, application of primer and paint, construction of concrete topping slabs, installation of floor and bathroom wall tiles, installation of bathroom fixtures, utility connections, and door installation.
- The contractor will manage the purchase and application of the primer. The owner will purchase the paint.
- The construction will include a dropped ceiling to achieve the levels shown in the provided drawing.
- Purchase and installation of roof tiles are included.
- Includes the construction of necessary electrical systems for the residence and the installation of conduit extending to the utility pedestal, including the disconnect.



TRANSLATIONS • INTERPRETING • AND MORE • CERTIFIED TRANSLATION

switch (pull-out).

- This work includes the demolition of the bathroom and an existing masonry well.
- Debris collection and disposal are included.
- Warranties for work performed on the new residence align with standards established by the Puerto Rico construction industry.
- Block walls will serve as interior partitions; all other exterior walls will be made of concrete.
- The reinforcing bars in walls shall be 1/2 inch in diameter; the bars in beams and roofs shall be 5/8 inch and 1/2 inch in diameter.
- The bars to be used in columns shall be 5/8 inch in diameter.
- The reinforcing bars to be used in the floor slab will be 1/2 inch in diameter.
- The reinforcing bars to be used in the footings will be 1/2 inch in diameter.
- The corporation will provide the owner with public liability insurance in the amount of one million dollars to protect the owner, neighbors, suppliers, and subcontractors, and to cover damages to third parties. Under this insurance, the contractor assumes responsibility for any damages or legal actions brought against the owner.
- Includes State Insurance Fund policy and public liability insurance.

[2 sets of initials]

**THIRD:** THE CONTRACTOR may make recommendations to THE OWNER regarding the subsequent approval of all materials and equipment to be incorporated into the structure. If, in the CONTRACTOR's opinion, any part of the design is inadequate or contains an error of inclusion or omission, a request for correction shall be submitted to THE OWNER, who shall determine the course of action and refer the matter for the appropriate determination.--------------------------------

**FOURTH:** Under no circumstances shall THE CONTRACTOR allow work to commence that is new or different from that indicated in the specifications without the prior approval of a Change Order, in accordance with established industry procedures.-----------------------------------------------

**FIFTH:** Both parties understand that this Contract does not constitute an employer-employee relationship. ------------------------------------------------------------------------------------------

**SIXTH:** Term.



TRANSLATIONS • INTERPRETING • EDITING • TRANSLATIONS AND MORE • CERTIFIED TRANSLATION

The term of this Contract and the construction of the project shall commence in April 2026, until October 16, 2026. This term is subject to days lost due to acts of God or force majeure, which shall be agreed upon with THE OWNER or their representative.------------------------------------------

Should THE CONTRACTOR fail to complete the work within the aforementioned timeframe, no liquidated damages shall be imposed or deducted from the Contract.-------------------------------------

Should THE CONTRACTOR complete the work prior to the aforementioned timeframe, no additional bonus compensation shall be provided under the Contract.-------------------------------------

[2 sets of initials]

**EIGHTH:** Payment Terms.

*With the signature and evidence of the bank transfer, this document represents a payment receipt. [1 set of 3 initials]*

The payment established for this project shall be as follows: A total of **two hundred fifty-three thousand five hundred dollars ($253,500.00)**. Upon the signing of this Contract, THE OWNER shall issue a payment of **fifty thousand seven hundred dollars ($50,700)**. This payment is intended for the purchase of materials to commence the work and for insurance coverage. Subsequent payments shall be made based on invoices submitted for work performed.----

**NINTH:** BOTH PARTIES state that they have read and understood the entire content of this Agreement and accept it as such, finding it drafted to their complete satisfaction and noting that it faithfully reflects what has been agreed upon.------------------------------------------------------------

**TENTH:** The CONTRACTOR must provide proof of compliance regarding Public Liability Insurance and the State Insurance Fund within a period of no more than five (5) calendar days following the signing of the Contract. Should the CONTRACTOR fail to comply with the foregoing, the OWNER shall be obliged to halt the construction work until the aforementioned documents are presented to the OWNER. In the event of a work stoppage, the CONTRACTOR shall be liable for any economic damages resulting therefrom.-----------------------------------------------

**ELEVENTH:** The CONTRACTOR shall keep the project boundaries clean and free of debris on a daily basis.------------------------------------------------------------------------------------------

- Any damage caused by the construction to properties adjoining the project site shall be corrected and repaired by the CONTRACTOR immediately and at their own expense.



EDITING · TRANSLATING · INTERPRETING TRANSLATIONS AND MORE CERTIFIED TRANSLATION

- Should any construction work prove to be defective, such work must be corrected by the CONTRACTOR at their own expense. ----------------------------------------------------
- The OWNER reserves the right to withhold payment for defective work until such work has been corrected to the OWNER's satisfaction.--------------------------------------
- The CONTRACTOR shall be responsible for implementing safety measures during the course of construction that comply with OSHA and/or any other agency governing safety in Puerto Rico. --------------------------------------------------------------------------------
- Partial construction payments shall be made against an invoice itemizing all construction components, showing both monetary amounts and unit quantities, in the format attached to this Contract.----------------------------------------------------------------

**TWELFTH: Other clauses and conditions.**

The CONTRACTOR agrees to correct all defects related to the work, provided such defects arise from work performed by the CONTRACTOR and appear in the housing unit subject to this Contract within the timeframes specified in the regulations of the Department of Consumer Affairs (DACO). ----------------------------------------------------------------------------------------------------

The CONTRACTOR represents that it maintains a valid State Insurance Fund policy to cover its employees.-----------------------------------------------------------------------------------------------------

[2 sets of initials]

The CONTRACTOR further agrees to maintain a valid general public liability policy (with one million dollars in coverage) to cover any damages that a third party may suffer, or allege to have suffered, due to the actions of the CONTRACTOR, its employees, subcontractors, and the latter's employees. The CONTRACTOR shall indemnify the owners for any damages caused to them by the failure of the CONTRACTOR or any of its subcontractors to comply with the obligations mentioned in this paragraph and shall also indemnify the OWNER against any claims brought by any person for damages caused by the CONTRACTOR, its employees, subcontractors, and the latter's employees. ---------------------------------------------------------------------------------------------

The CONTRACTOR shall be responsible for ensuring the security of any equipment or material owned by them and used in connection with the project, and shall bear liability for the disappearance, loss, or damage of any such equipment or material during the course of



EDITING TRANSLATIONS AND MORE CERTIFIED TRANSLATION

construction.----------------------------------------------------------------------------------------------------

The CONTRACTOR shall be responsible for delays caused by subcontractors due to incomplete work. ----------------------------------------------------------------------------------------------------------

The CONTRACTOR shall not be held responsible for delays resulting from a lack of materials, equipment, and/or decision-making that are the responsibility of the OWNER. ----------------------

In the event of a change in the tax system or sales tax regulations, any resulting additional costs whether for materials, contracted services, or other items shall be added to the total cost.-------------

With each payment application submitted to the OWNER, the CONTRACTOR shall provide a written record of any days work was halted due to reasons exclusively attributable to the OWNER; such days shall be added to the maximum completion timeframe agreed upon by the parties in this contract. ------------------------------------------------------------------------------------

Additional provisions:

1- This contract constitutes the entire agreement between the parties and supersedes all prior negotiations.

In witness whereof, we sign this agreement.

In Rio Grande, Puerto Rico, on April 16, 2026

| | |
|---|---|
| [Signature]<br>Amilcar Norat Collazo<br>THE CONTRACTOR | [Signature]<br>Juan A. Vasquez<br>THE OWNER |

*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*03/SEPTEMBER/2026 ♦ Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449 ♦ Translations & More: 787-637-4906*

## PROFESSIONAL SERVICES CONTRACT

## APPEARING:

**AS THE FIRST PARTY:** Coamo Builders Corp., holding registration number 389,042 and Employer Social Security number 66-0871060, a firm specializing in residential construction and remodeling represented herein by its principal partner, Mr. Amilcar Norat Collazo, of legal age, married, and a resident of Coamo, Puerto Rico, hereinafter referred to as THE CONTRACTOR.----------------------------------------------------------------------------------------

**AS THE SECOND PARTY:** Dr. Santiago Olloa, of legal age, married, and a resident of Mirador de Cupey Urbanization, Calle 7, G-1, San Juan, Puerto Rico, representing THE OWNER. Both parties possess the legal capacity to execute this agreement and, accordingly, freely and voluntarily.--------------------------------------------------------------------------

## STATE:

**FIRST:** That THE CONTRACTOR, with the aim of performing its duties in the most appropriate manner possible, shall carry out work related to the construction of improvements to an existing residence specifically a new retaining wall, a new bedroom, a second-level terrace, and other remodeling and improvement work listed in the Clauses and Conditions of this project. Said work shall be performed at a residence owned by THE OWNER, located in the Mirador Urbanization of Cupey in the city of San Juan, Puerto Rico.

[2 sets of initials]

**SECOND:** THE OWNER certifies that he possesses the financial resources to carry out the construction described above for the project in question. -------------------------------------------

**THIRD:** The parties, in their respective capacities, agree to enter into this Professional Services Contract, subject to the following:-------------------------------------------------------------

## CLAUSES AND CONDITIONS:

**FIRST: Scope of Work**:
THE CONTRACTOR shall perform continuous service throughout the construction activity for the duration thereof located in San Juan, Puerto Rico, with the objective of ensuring strict compliance with all provisions set forth in the project Plans and Specifications and/or agreements reached, so that the result expected by THE OWNER matches the outcome presented and depicted in the supplied construction plans and agreements. -------------------

**SECOND:** The services to be provided by THE CONTRACTOR consist of the construction of the works described below. These works are pursuant to the blueprints provided and/or agreements reached during the meetings. Among the works to be performed are: ---------------

**<u>WORK TO BE PERFORMED FOR CONSTRUCTION OF THE WALL</u>**

- Excavation for construction of foundations for a wall 120 feet long
- Installation of steel reinforcements, forms, concrete pouring for foundation construction
- Installation of reinforcing steel, formwork, and concrete pouring for the construction of a 10-foot wall above ground level. The wall will be 8 inches thick



EDITING TRANSLATIONS INTERPRETING TRANSLATIONS AND MORE CERTIFIED TRANSLATION

with a double layer of reinforcing steel. The footing will be a minimum of 4 feet wide and 12 inches thick.

- Electrical work to provide lighting on the wall
- Plastering of the wall
- Application of sealer and paint to the constructed wall. Sealer and paint to be provided by the Owner.
- Removal and disposal of excavated soil
- Placement of stone fill behind the wall, including a water drainage/collection system.

**WORK TO BE PERFORMED FOR CONSTRUCTION OF A ROOM ON RIGHT SIDE**

- Excavation for new foundation construction
- Installation of reinforcing steel, formwork, and concrete pouring for foundations, floor slabs, columns, walls, beams, and roofs
- Installation of block walls
- Plastering of constructed elements
- Standard electrical work for the facilities
- Installation of Owner-supplied doors and windows
- Installation of floor topping and Owner-supplied tile
- Creation of access via the reception area
- Application of sealer and paint to surfaces. Sealer and paint to be provided by the Owner.

[2 sets of initials]

**OTHER WORKS**

- Construction of a 40-foot-long by 7-foot-wide covered walkway providing access from the terrace to the new room
- Construction of rainwater drainage systems around the residence
- Construction of paved areas separated by green spaces between the residence and the new wall
- Construction of a driveway on the right side of the residence.

**ADDITIONAL WORKS**

- Removal of tiles from the main entrance staircase
- Concrete grinding to adjust levels, pouring of a concrete topping layer, and installation of new tiles provided by the Owner
- Removal of stones beneath the staircase leading to the second level, pouring of concrete in this area, pouring of a concrete topping layer, and installation of tiles provided by the Owner
- Removal of an interior planter and installation of tiles provided by the Owner in that area
- Repair of wall corners and plastering, patching of certain walls, removal of existing tiles in various areas of the residence, and installation of new tiles provided by the Owner
- Construction of a concrete terrace above the carport, measuring 30 feet wide by 25 feet long. This includes all work related to columns, beams, roofing, plastering, waterproofing, painting, floor topping, tiling, electrical work, and water drainage

**THIRD:** THE CONTRACTOR may make recommendations to THE OWNER regarding the subsequent approval of all materials and equipment to be incorporated into the structure. Likewise, THE CONTRACTOR shall verify the design shown in the Construction Drawings but



TRANSLATIONS AND MORE · EDITING · INTERPRETING · CERTIFIED TRANSLATION

shall not attempt to independently supply any missing information. If, in THE CONTRACTOR's opinion, any part of the design is inadequate or contains an error of inclusion or omission, a request for correction shall be submitted to THE OWNER, who shall determine the course of action and refer the matter for the appropriate determination. ------------

**FOURTH:** Under no circumstances shall THE CONTRACTOR allow work to commence that is new or different from that indicated in the Drawings and Specifications without the prior approval of a Change Order, in accordance with established industry procedures. ----------------

**FIFTH:** Both parties understand that this Contract does not constitute an employer-employee relationship. --------------------------------------------------------------------------------

**SIXTH:** THE OWNER shall be responsible for supplying the materials agreed upon in meetings held prior to the signing of the Contract, which are not included in this Contract. --------

**SEVENTH:** Term.
The term of this Contract and the construction of the work shall run from ***March 30, 2026***, to ***October 30, 2026***. This term is subject to adjustment for days lost due to acts of God or force majeure, as agreed upon with the OWNER or their representative. ----------------------------------------------

Should the CONTRACTOR fail to complete the work within the aforementioned timeframe, no liquidated damages shall be imposed. ----------------------------------------------------------------

Should the CONTRACTOR complete the work prior to the aforementioned timeframe, no additional bonus beyond the Contract amount shall be awarded.--------------------------------------

[2 sets of initials]

**EIGHTH: Payment Terms.**
The CONTRACTOR shall submit an invoice, which shall be reviewed by the OWNER; once agreed upon by both parties, payment shall be issued no later than three (3) days thereafter. The OWNER shall not withhold any amount from the total invoiced in each payment certification. Upon signing this Contract, the OWNER shall issue an initial payment of **$28,000.00** for mobilization costs incurred; this amount shall be deducted from the total Contract sum of **$182,000.00**. The outstanding balance shall be paid based on payment certifications for work performed.- ----------------------------------------------------------------

**NINTH:** BOTH PARTIES declare that they have read and understood the entire content of this Contract and accept it as written, finding it drafted to our complete satisfaction and that it faithfully establishes our agreement. ------------------------------------------------------------------

**TENTH:** The CONTRACTOR must provide proof of compliance regarding Public Liability Insurance and State Insurance Fund coverage within no more than five (5) calendar days following the signing of the Contract. Should the CONTRACTOR fail to comply with the foregoing, the OWNER shall be obliged to penalize the construction work until the aforementioned documents are presented to the OWNER. In the event of a work stoppage, the CONTRACTOR shall be liable for any resulting economic damages. ------------------------------

**ELEVENTH:** The construction plans shall be signed by both parties as the official document for the execution of the work. The CONTRACTOR shall keep the project site clean and free

of debris on a daily basis. ----------------------------------------------------------------------------------------

- Any damage caused by the construction to properties adjoining the project site must be rectified and repaired by the CONTRACTOR immediately, at their own expense.
- Should any construction work prove defective, it must be corrected by the CONTRACTOR at their own expense.-------------------------------------------------------
- The OWNER reserves the right to withhold payment for defective work until such work has been corrected to the OWNER's satisfaction. ------------------------------------
- THE CONTRACTOR shall be responsible for implementing safety measures during construction that comply with OSHA and/or any other agency governing safety in Puerto Rico.----------------------------------------------------------------------------------
- Partial construction payments shall be made based on an invoice itemizing all construction components showing both wholesale costs and unit costs as attached to this Contract.------------------------------------------------------------------------------

**TWELFTH: Other clauses and conditions.**

It is agreed that the OWNER shall pay the Contractor the sum of **one hundred eighty-two thousand dollars ($182,000.00)** as stipulated in the payment breakdown; this breakdown shall serve as the basis for **weekly invoices to be submitted for payment within three (3) days**. THE OWNER represents that financing is available to pay for the work as agreed upon in this contract. Failure to pay any amount due shall constitute sufficient grounds for THE CONTRACTOR to halt the work, with THE OWNER remaining liable for the outstanding payment plus any damages incurred.--------------------------------------------------------------------

[2 sets of initials]

In instances where the contract requires the submission of any of the following to THE OWNER for approval: "Shop Drawings," material samples, material literature, or any other type of "Submittal", THE OWNER agrees to respond in writing within ten (10) days of submission. ------------------------------------------------------------------------------------------

The CONTRACTOR agrees to correct all defects related to the work, provided that such defects arise from work performed by the CONTRACTOR and appear in the housing unit subject to this contract within the timeframes specified in the regulations of the Department of Consumer Affairs (DACO).---------------------------------------------------------------------------

Should either party fail to fulfill its obligations, the other party shall provide written notice of such non-compliance and the grounds for the allegation within seven (7) days of becoming aware of the non-compliance. The other party shall have seven (7) days as of receipt of the notice to remedy the non-compliance or present its arguments. If no agreement is reached, the parties agree that all disputes related to this contract shall be resolved through arbitration in accordance with the Puerto Rico Arbitration Act (32 L.P.R.A. § 3201 et seq.). The procedure shall commence upon one party notifying the other of its intent to submit a specific dispute to arbitration. ------------------------------------------------------------------------------------------

The CONTRACTOR represents that it maintains a current State Insurance Fund policy to cover its employees. ------------------------------------------------------------------------------------

The CONTRACTOR further agrees to maintain a general public liability policy (with one million dollars in coverage) to cover any damages that a third party may suffer or allege to

have suffered due to the actions of the CONTRACTOR, its employees, subcontractors, or the latter's employees. The CONTRACTOR shall indemnify the owners for any damages caused to them by the failure of the CONTRACTOR or any of its subcontractors to fulfill the obligations mentioned in this paragraph; the CONTRACTOR shall also indemnify the OWNER against any claims brought by any person for damages caused by the CONTRACTOR, its employees, subcontractors, or the latter's employees. ----------------------

The CONTRACTOR shall be responsible for ensuring the security of any equipment or material it owns that is used in connection with the project and shall bear the risk of loss or damage to any such equipment or material during the project's construction. --------------------

The CONTRACTOR shall be responsible for delays caused by subcontractors due to a lack of completed work.-----------------------------------------------------------------------------------

The CONTRACTOR shall be responsible for damages caused by its employees to work whether finished or in progress performed by either the CONTRACTOR itself or its subcontractors. -----------------------------------------------------------------------------------

[2 sets of initials]

The CONTRACTOR shall not be held responsible for delays resulting from a lack of materials, equipment, or decision-making that are the responsibility of the OWNER. -------------

In the event of a change in the tax system or sales tax rates, any resulting additional costs, whether for materials, contracted services, or other items shall be added to the contract price.-----------------------------------------------------------------------------------------

With each certification submitted to the OWNER, the CONTRACTOR shall provide a written record of the days that work was halted due to reasons solely attributable to the OWNER; such days shall be added to the maximum completion timeframe agreed upon by the parties in this contract.-----------------------------------------------------------------------------------

The CONTRACTOR commits to completing the contracted and itemized work within the timeframe of ___ months starting from as of the commencement date, plus any time extensions approved in each certification.--------------------------------------------------------

Substantial completion is defined as the point at which 90% of the total project value has been achieved, or, in the case of partial deliveries, 90% of the total value of the delivered portion. Upon reaching this stage, the CONTRACTOR shall request that the OWNER inspect the work and prepare a list of deficiencies to be corrected by the CONTRACTOR. The list of deficiencies shall be delivered to the CONTRACTOR no later than five (5) days after the inspection request, at which point the CONTRACTOR shall have fifteen (15) days to rectify them. Once corrected, the CONTRACTOR shall notify the OWNER, who shall arrange for an inspection within the following five (5) days. Upon verification that the deficiencies have been corrected, the work shall be deemed accepted. It is agreed that any new findings identified during the re-inspection shall be treated as warranty matters rather than deficiencies for the purposes of work acceptance and/or payment of the outstanding balance.-----------------------------------------------------------------------------------



TRANSLATIONS • INTERPRETING • EDITING • TRANSLATIONS AND MORE • CERTIFIED TRANSLATION

**Additional provisions:**

1. All timeframes specified are in calendar days.
2. The OWNER shall bear the cost and responsibility for the removal of any toxic materials or materials of an unusual nature discovered during the construction of the site or the dwelling.
3. Regarding materials purchased by the CONTRACTOR, in the event of a market price increase exceeding 10%, the CONTRACTOR shall charge the owner for the cost difference, substantiating said difference with the corresponding receipts.
4. The OWNER shall provide, at their own expense, temporary water and electricity services for the construction phase, which shall be available at the commencement of the work.
5. Security against vandalism or theft within the construction area perimeter shall be the responsibility of the OWNER. However, the Owner shall not be held liable for tools and miscellaneous materials that may be stolen during the construction process. Similarly, the contractor is responsible for taking precautionary measures to prevent damage to their heavy machinery and equipment.
6. It is the CONTRACTOR'S responsibility to keep the areas in front of the property, specifically sidewalks, gutters, the street, and green areas, clean. The CONTRACTOR shall perform a daily cleanup of said areas.
7. The CONTRACTOR shall maintain order among their employees and subcontractors, controlling tone of voice and vocabulary, and prohibiting the use of radios on the project site.
8. All CONTRACTOR employees and subcontractors must be properly identified and appropriately dressed; the use of shorts, sneakers, sleeveless shirts, caps, and sunglasses is prohibited.
9. No employee or subcontractor is authorized to take photographs of the project; only the CONTRACTOR, the inspector, and the architect are permitted to take photographs of the work.
10. This contract constitutes the entire agreement between the parties and supersedes all prior negotiations.

In witness whereof, we sign this agreement in mutual accord.

In San Juan, Puerto Rico, on *March 30, 2026*.

Appendices Section

| | |
|---|---|
| [Signature] | [Signature] |
| Mr. Amilcar Norat Collazo | Dr. Santiago Olloa |
| THE CONTRACTOR | THE OWNER |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AMILCAR NORAT COLLAZO | Case No. |
| Debtor(s) | Chapter 13 |

Monthly Financial Report for Business (D/B/A)
(Chapter 13 Trustee Amilcar Norat Collazo)

FOR THE PERIOD BEGINNING : April 1, 2026 AND ENDING : April 30, 2026

All items must be answered or if any of the items listed do not apply, answer "none" or "N/A"

| **PROJECT: DR SANTIAGO ULLOA** | CURRENT MONTH | PREVIOUS MONTH |
|---|---|---|
| A. CASH AT BEGINNING OF PERIOD | $ - | $ - |
| B. RECEIPTS | | |
| 1. Cash Sales | 30,000.00 | |
| Less: (Cash Refunds) | | |
| Net Cash Sales | | |
| 2. Collection on post petition A/R | | |
| 3. Collection on pre petition A/R | - | |
| 4. Other Receipts | - | - |
| C. TOTAL RECEIPTS | **30,000.00** | - |
| D. TOTAL CASH AVAILABLE FOR OPERATIONS | **30,000.00** | - |
| E. DISBURSEMENT | | |
| 1. Net Payroll (Sub Contractors) | 10,000.00 | |
| 2. Payroll Taxes Paid | | |
| 3. Sales and Use Taxes | | |
| 4. Other Taxes | | |
| 5. Rent | | |
| 6. Other Lease (Attach details) | | |
| 7. Telephone | 95.00 | |
| 8. Utilities | 210.00 | |
| 9. Travel and Transportation | 675.00 | |
| 10. Vehicle Expenses | 920.00 | |
| 11. Office Supplies | | |
| 12. Advertising | | |
| 13. Insurance | 325.00 | |
| 14. Purchases of Fixed Assets (Attach details) | | |
| 15. Purchases of Inventory | | |
| 16. Manufacturing Supplies (Materials) | 8,000.00 | |
| 17. Repairs and Maintenance | 200.00 | |
| 18. Payment to Secured Creditors (Business loans) | | |
| 19. Other Operating Expenses (Attach details) | | |
| F. TOTAL CASH DISBURSEMENTS | **20,425.00** | - |
| G. ENDING CASH BALANCE | - | - |
| H. ENDING CASH BALANCE (THIS PERIOD) | **9,575.00** | - |

| | | |
|---|---|---|
| I. OTHER INCOME | | |
| 1. Salaries and commissions | - | - |
| 2. Interest or dividends | | |
| 3. Rent | | |
| 4. Other | | |
| SUB TOTAL (OTHER INCOME) | - | - |
| J. TOTAL AVAILABLE INCOME | 9,575.00 | - |
| K. PERSONAL EXPENSES | | |
| 1. Federal Taxes | - | - |
| 2. State Taxes | | |
| 3. Other Taxes | - | - |
| 4. Utilities | - | - |
| 5. Mortgage/Rent | | |
| 6. Insurance Premiums (Attach detailed statement) | | |
| 7. Food | - | - |
| 8. Medical/Dental | | |
| 9. Loan Payments (Attach detailed statement) | | |
| 10. Transportation (Attach detailed statement) | | - |
| 11. Clothing | - | - |
| 12. Gift and Donations | | |
| 13. Tuition/Education | - | - |
| 14. Chapter 13 Trustee Monthly Payment | | |
| 15. Other (Attaced detailed statement) | - | - |
| L. TOTAL PERSONAL DISBURSEMENTS | - | - |
| M. DISPOSABLE INCOME (FOR NEXT PERIOD) | $ 9,575.00 | $ - |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief.

[signature]
Signature of Debtor

8-Sep-26
Date

Signature of Joint Debtor

[signature]
Debtor(s) attorney

AMILCAR NORAT COLLAZO
Monthly Financial Report for Business (D/B/A)
FOR THE PERIOD BEGINNING : April 1, 2026 AND ENDING : April 30, 2026
**Personal Expenses OTHER - Detail**

| | |
|---|---|
| Entertaiment | - |
| Alimony | - |
| Car maintenance | - |
| Toll | - |
| Gas | - |
| Hair Cuts | - |
| Contribution to Household Expenses | - |
| Food away from home | - |
| Home Maintenaces and Repairs | - |
| Car Repairs | - |
| **Total Others** | - |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AMILCAR NORAT COLLAZO | Case No. |
| Debtor(s) | Chapter 13 |

Monthly Financial Report for Business (D/B/A)
(Chapter 13 Trustee Amilcar Norat Collazo)

FOR THE PERIOD BEGINNING : May 1, 2026 AND ENDING : May 31, 2026

All items must be answered or if any of the items listed do not apply, answer "none" or "N/A"

| PROJECT: DR SANTIAGO ULLOA | CURRENT MONTH | PREVIOUS MONTH |
|---|---|---|
| A. CASH AT BEGINNING OF PERIOD | $ 9,575.00 | $ - |
| B. RECEIPTS | | $ - |
| 1. Cash Sales | 28,000.00 | 30,000.00 |
| Less: (Cash Refunds) | | - |
| Net Cash Sales | | - |
| 2. Collection on post petition A/R | | - |
| 3. Collection on pre petition A/R | - | - |
| 4. Other Receipts | - | - |
| C. TOTAL RECEIPTS | **28,000.00** | **30,000.00** |
| D. TOTAL CASH AVAILABLE FOR OPERATIONS | **37,575.00** | **30,000.00** |
| E. DISBURSEMENT | | |
| 1. Net Payroll (Sub Contractors) | 10,000.00 | 10,000.00 |
| 2. Payroll Taxes Paid | | - |
| 3. Sales and Use Taxes | | - |
| 4. Other Taxes | | - |
| 5. Rent | | - |
| 6. Other Lease (Attach details) | | - |
| 7. Telephone | 95.00 | 95.00 |
| 8. Utilities | 210.00 | 210.00 |
| 9. Travel and Transportation | 675.00 | 675.00 |
| 10. Vehicle Expenses | 920.00 | 920.00 |
| 11. Office Supplies | | - |
| 12. Advertising | | - |
| 13. Insurance | 325.00 | 325.00 |
| 14. Purchases of Fixed Assets (Attach details) | | - |
| 15. Purchases of Inventory | | - |
| 16. Manufacturing Supplies (Materials) | 8,000.00 | 8,000.00 |
| 17. Repairs and Maintenance | 200.00 | 200.00 |
| 18. Payment to Secured Creditors (Business loans) | | - |
| 19. Other Operating Expenses (Attach details) | | - |
| F. TOTAL CASH DISBURSEMENTS | **20,425.00** | **20,425.00** |
| G. ENDING CASH BALANCE | - | - |
| H. ENDING CASH BALANCE (THIS PERIOD) | **17,150.00** | **9,575.00** |

| | | |
|---|---|---|
| **I. OTHER INCOME** | | |
| 1. Salaries and commissions | - | - |
| 2. Interest or dividends | | |
| 3. Rent | | |
| 4. Other | | |
| SUB TOTAL (OTHER INCOME) | - | - |
| **J. TOTAL AVAILABLE INCOME** | 17,150.00 | 9,575.00 |
| **K. PERSONAL EXPENSES** | | |
| 1. Federal Taxes | - | - |
| 2. State Taxes | | |
| 3. Other Taxes | - | - |
| 4. Utilities | - | - |
| 5. Mortgage/Rent | | |
| 6. Insurance Premiums (Attach detailed statement) | | |
| 7. Food | - | - |
| 8. Medical/Dental | | |
| 9. Loan Payments (Attach detailed statement) | | |
| 10. Transportation (Attach detailed statement) | | - |
| 11. Clothing | - | - |
| 12. Gift and Donations | | |
| 13. Tuition/Education | - | - |
| 14. Chapter 13 Trustee Monthly Payment | | |
| 15. Other (Attaced detailed statement) | - | - |
| **L. TOTAL PERSONAL DISBURSEMENTS** | - | - |
| **M. DISPOSABLE INCOME (FOR NEXT PERIOD)** | $ 17,150.00 | $ 9,575.00 |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief.

[signature]
Signature of Debtor

8-Sep-26
Date

Signature of Joint Debtor

[signature]
Debtor(s) attorney

AMILCAR NORAT COLLAZO
Monthly Financial Report for Business (D/B/A)
FOR THE PERIOD BEGINNING : May 1, 2026 AND ENDING : May 31, 2026
**Personal Expenses OTHER - Detail**

| | |
|---|---|
| Entertaiment | - |
| Alimony | - |
| Car maintenance | - |
| Toll | - |
| Gas | - |
| Hair Cuts | - |
| Contribution to Household Expenses | - |
| Food away from home | - |
| Home Maintenaces and Repairs | - |
| Car Repairs | - |
| **Total Others** | - |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AMILCAR NORAT COLLAZO | Case No. |
| Debtor(s) | Chapter 13 |

Monthly Financial Report for Business (D/B/A)
(Chapter 13 Trustee Amilcar Norat Collazo)

FOR THE PERIOD BEGINNING : June 1, 2026 AND ENDING : June 30, 2026

All items must be answered or if any of the items listed do not apply, answer "none" or "N/A"

| **PROJECT: DR SANTIAGO ULLOA** | CURRENT MONTH | PREVIOUS MONTH |
|---|---|---|
| A. CASH AT BEGINNING OF PERIOD | $ 17,150.00 | $ 9,575.00 |
| B. RECEIPTS | | $ - |
| 1. Cash Sales | 24,000.00 | 28,000.00 |
| Less: (Cash Refunds) | | - |
| Net Cash Sales | | - |
| 2. Collection on post petition A/R | | - |
| 3. Collection on pre petition A/R | - | - |
| 4. Other Receipts | - | - |
| C. TOTAL RECEIPTS | **24,000.00** | **28,000.00** |
| D. TOTAL CASH AVAILABLE FOR OPERATIONS | **41,150.00** | **37,575.00** |
| E. DISBURSEMENT | | |
| 1. Net Payroll (Sub Contractors) | 8,000.00 | 10,000.00 |
| 2. Payroll Taxes Paid | | - |
| 3. Sales and Use Taxes | | - |
| 4. Other Taxes | | - |
| 5. Rent | | - |
| 6. Other Lease (Attach details) | | - |
| 7. Telephone | 95.00 | 95.00 |
| 8. Utilities | 210.00 | 210.00 |
| 9. Travel and Transportation | 675.00 | 675.00 |
| 10. Vehicle Expenses | 920.00 | 920.00 |
| 11. Office Supplies | | - |
| 12. Advertising | | - |
| 13. Insurance | 325.00 | 325.00 |
| 14. Purchases of Fixed Assets (Attach details) | | - |
| 15. Purchases of Inventory | | - |
| 16. Manufacturing Supplies (Materials) | 7,000.00 | 8,000.00 |
| 17. Repairs and Maintenance | 200.00 | 200.00 |
| 18. Payment to Secured Creditors (Business loans) | | - |
| 19. Other Operating Expenses (Attach details) | | - |
| F. TOTAL CASH DISBURSEMENTS | **17,425.00** | **20,425.00** |
| G. ENDING CASH BALANCE | - | - |
| H. ENDING CASH BALANCE (THIS PERIOD) | **23,725.00** | **17,150.00** |

| | | |
|---|---|---|
| I. OTHER INCOME | | |
| 1. Salaries and commissions | - | - |
| 2. Interest or dividends | | |
| 3. Rent | | |
| 4. Other | | |
| SUB TOTAL (OTHER INCOME) | - | - |
| J. TOTAL AVAILABLE INCOME | 23,725.00 | 17,150.00 |
| K. PERSONAL EXPENSES | | |
| 1. Federal Taxes | - | - |
| 2. State Taxes | | |
| 3. Other Taxes | - | - |
| 4. Utilities | - | - |
| 5. Mortgage/Rent | | |
| 6. Insurance Premiums (Attach detailed statement) | | |
| 7. Food | - | - |
| 8. Medical/Dental | | |
| 9. Loan Payments (Attach detailed statement) | | |
| 10. Transportation (Attach detailed statement) | | - |
| 11. Clothing | - | - |
| 12. Gift and Donations | | |
| 13. Tuition/Education | - | - |
| 14. Chapter 13 Trustee Monthly Payment | | |
| 15. Other (Attaced detailed statement) | - | - |
| L. TOTAL PERSONAL DISBURSEMENTS | - | - |
| M. DISPOSABLE INCOME (FOR NEXT PERIOD) | $ 23,725.00 | $ 17,150.00 |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief.

Signature of Debtor

8-Sep-26

Date

Signature of Joint Debtor

Debtor(s) attorney

AMILCAR NORAT COLLAZO
Monthly Financial Report for Business (D/B/A)
FOR THE PERIOD BEGINNING : June 1, 2026 AND ENDING : June 30, 2026
**Personal Expenses OTHER - Detail**

| | |
|---|---|
| Entertaiment | - |
| Alimony | - |
| Car maintenance | - |
| Toll | - |
| Gas | - |
| Hair Cuts | - |
| Contribution to Household Expenses | - |
| Food away from home | - |
| Home Maintenaces and Repairs | - |
| Car Repairs | - |
| **Total Others** | - |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AMILCAR NORAT COLLAZO | Case No. |
| Debtor(s) | Chapter 13 |

Monthly Financial Report for Business (D/B/A)
(Chapter 13 Trustee Amilcar Norat Collazo)

FOR THE PERIOD BEGINNING : July 1, 2026 AND ENDING : July 31, 2026

All items must be answered or if any of the items listed do not apply, answer "none" or "N/A"

| **PROJECT: DR SANTIAGO ULLOA** | CURRENT MONTH | PREVIOUS MONTH |
|---|---|---|
| A. CASH AT BEGINNING OF PERIOD | $ 17,150.00 | $ 9,575.00 |
| B. RECEIPTS | | $ - |
| 1. Cash Sales | 22,000.00 | 28,000.00 |
| Less: (Cash Refunds) | | - |
| Net Cash Sales | | - |
| 2. Collection on post petition A/R | | - |
| 3. Collection on pre petition A/R | - | - |
| 4. Other Receipts | - | - |
| C. TOTAL RECEIPTS | **22,000.00** | **28,000.00** |
| D. TOTAL CASH AVAILABLE FOR OPERATIONS | **39,150.00** | **37,575.00** |
| E. DISBURSEMENT | | |
| 1. Net Payroll (Sub Contractors) | 7,000.00 | 10,000.00 |
| 2. Payroll Taxes Paid | | - |
| 3. Sales and Use Taxes | | - |
| 4. Other Taxes | | - |
| 5. Rent | | - |
| 6. Other Lease (Attach details) | | - |
| 7. Telephone | 95.00 | 95.00 |
| 8. Utilities | 210.00 | 210.00 |
| 9. Travel and Transportation | 675.00 | 675.00 |
| 10. Vehicle Expenses | 920.00 | 920.00 |
| 11. Office Supplies | | - |
| 12. Advertising | | - |
| 13. Insurance | 325.00 | 325.00 |
| 14. Purchases of Fixed Assets (Attach details) | | - |
| 15. Purchases of Inventory | | - |
| 16. Manufacturing Supplies (Materials) | 6,000.00 | 8,000.00 |
| 17. Repairs and Maintenance | 200.00 | 200.00 |
| 18. Payment to Secured Creditors (Business loans) | | - |
| 19. Other Operating Expenses (Attach details) | | - |
| F. TOTAL CASH DISBURSEMENTS | **15,425.00** | **20,425.00** |
| G. ENDING CASH BALANCE | - | - |
| H. ENDING CASH BALANCE (THIS PERIOD) | **23,725.00** | **17,150.00** |

| | | |
|---|---|---|
| I. OTHER INCOME | | |
| 1. Salaries and commissions | - | - |
| 2. Interest or dividends | | |
| 3. Rent | | |
| 4. Other | | |
| SUB TOTAL (OTHER INCOME) | - | - |
| J. TOTAL AVAILABLE INCOME | 23,725.00 | 17,150.00 |
| K. PERSONAL EXPENSES | | |
| 1. Federal Taxes | - | - |
| 2. State Taxes | | |
| 3. Other Taxes | - | - |
| 4. Utilities | - | - |
| 5. Mortgage/Rent | | |
| 6. Insurance Premiums (Attach detailed statement) | | |
| 7. Food | - | - |
| 8. Medical/Dental | | |
| 9. Loan Payments (Attach detailed statement) | | |
| 10. Transportation (Attach detailed statement) | | - |
| 11. Clothing | - | - |
| 12. Gift and Donations | | |
| 13. Tuition/Education | - | - |
| 14. Chapter 13 Trustee Monthly Payment | | |
| 15. Other (Attaced detailed statement) | - | - |
| L. TOTAL PERSONAL DISBURSEMENTS | - | - |
| M. DISPOSABLE INCOME (FOR NEXT PERIOD) | $ 23,725.00 | $ 17,150.00 |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief.

Signature of Debtor

8-Sep-26

Date

Signature of Joint Debtor

Debtor(s) attorney

AMILCAR NORAT COLLAZO
Monthly Financial Report for Business (D/B/A)
FOR THE PERIOD BEGINNING : July 1, 2026 AND ENDING : July 31, 2026
**Personal Expenses OTHER - Detail**

| | |
|---|---|
| Entertaiment | - |
| Alimony | - |
| Car maintenance | - |
| Toll | - |
| Gas | - |
| Hair Cuts | - |
| Contribution to Household Expenses | - |
| Food away from home | - |
| Home Maintenaces and Repairs | - |
| Car Repairs | - |
| **Total Others** | - |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AMILCAR NORAT COLLAZO | Case No. |
| Debtor(s) | Chapter 13 |

Monthly Financial Report for Business (D/B/A)
(Chapter 13 Trustee Amilcar Norat Collazo)

FOR THE PERIOD BEGINNING : August 1, 2026 AND ENDING : August 31, 2026

All items must be answered or if any of the items listed do not apply, answer "none" or "N/A"

| PROJECT: DR SANTIAGO ULLOA | CURRENT MONTH | PREVIOUS MONTH |
|---|---|---|
| A. CASH AT BEGINNING OF PERIOD | $ 17,150.00 | $ 9,575.00 |
| B. RECEIPTS | | $ - |
| 1. Cash Sales | 16,000.00 | 28,000.00 |
| Less: (Cash Refunds) | | - |
| Net Cash Sales | | - |
| 2. Collection on post petition A/R | | - |
| 3. Collection on pre petition A/R | - | - |
| 4. Other Receipts | - | - |
| C. TOTAL RECEIPTS | **16,000.00** | **28,000.00** |
| D. TOTAL CASH AVAILABLE FOR OPERATIONS | **33,150.00** | **37,575.00** |
| E. DISBURSEMENT | | |
| 1. Net Payroll (Sub Contractors) | 5,000.00 | 10,000.00 |
| 2. Payroll Taxes Paid | | - |
| 3. Sales and Use Taxes | | - |
| 4. Other Taxes | | - |
| 5. Rent | | - |
| 6. Other Lease (Attach details) | | - |
| 7. Telephone | 95.00 | 95.00 |
| 8. Utilities | 210.00 | 210.00 |
| 9. Travel and Transportation | 675.00 | 675.00 |
| 10. Vehicle Expenses | 920.00 | 920.00 |
| 11. Office Supplies | | - |
| 12. Advertising | | - |
| 13. Insurance | 325.00 | 325.00 |
| 14. Purchases of Fixed Assets (Attach details) | | - |
| 15. Purchases of Inventory | | - |
| 16. Manufacturing Supplies (Materials) | 3,800.00 | 8,000.00 |
| 17. Repairs and Maintenance | 200.00 | 200.00 |
| 18. Payment to Secured Creditors (Business loans) | | - |
| 19. Other Operating Expenses (Attach details) | | - |
| F. TOTAL CASH DISBURSEMENTS | **11,225.00** | **20,425.00** |
| G. ENDING CASH BALANCE | - | - |
| H. ENDING CASH BALANCE (THIS PERIOD) | **21,925.00** | **17,150.00** |

| | | |
|---|---|---|
| I. OTHER INCOME | | |
| 1. Salaries and commissions | - | - |
| 2. Interest or dividends | | |
| 3. Rent | | |
| 4. Other | | |
| SUB TOTAL (OTHER INCOME) | - | - |
| J. TOTAL AVAILABLE INCOME | 21,925.00 | 17,150.00 |
| K. PERSONAL EXPENSES | | |
| 1. Federal Taxes | - | - |
| 2. State Taxes | | |
| 3. Other Taxes | - | - |
| 4. Utilities | - | - |
| 5. Mortgage/Rent | | |
| 6. Insurance Premiums (Attach detailed statement) | | |
| 7. Food | - | - |
| 8. Medical/Dental | | |
| 9. Loan Payments (Attach detailed statement) | | |
| 10. Transportation (Attach detailed statement) | | - |
| 11. Clothing | - | - |
| 12. Gift and Donations | | |
| 13. Tuition/Education | - | - |
| 14. Chapter 13 Trustee Monthly Payment | | |
| 15. Other (Attaced detailed statement) | - | - |
| L. TOTAL PERSONAL DISBURSEMENTS | - | - |
| M. DISPOSABLE INCOME (FOR NEXT PERIOD) | $ 21,925.00 | $ 17,150.00 |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief.

Signature of Debtor

8-Sep-26

Date

Signature of Joint Debtor

Debtor(s) attorney

AMILCAR NORAT COLLAZO
Monthly Financial Report for Business (D/B/A)
FOR THE PERIOD BEGINNING : August 1, 2026 AND ENDING : August 31, 2026
**Personal Expenses OTHER - Detail**

| | |
|---|---|
| Entertaiment | - |
| Alimony | - |
| Car maintenance | - |
| Toll | - |
| Gas | - |
| Hair Cuts | - |
| Contribution to Household Expenses | - |
| Food away from home | - |
| Home Maintenaces and Repairs | - |
| Car Repairs | - |
| **Total Others** | - |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AMILCAR NORAT COLLAZO | Case No. |
| Debtor(s) | Chapter 13 |

Monthly Financial Report for Business (D/B/A)
(Chapter 13 Trustee Amilcar Norat Collazo)

FOR THE PERIOD BEGINNING : April 1, 2026 AND ENDING : April 30, 2026

All items must be answered or if any of the items listed do not apply, answer "none" or "N/A"

| **PROJECT: JUAN VAZQUEZ** | CURRENT MONTH | PREVIOUS MONTH |
|---|---|---|
| A. CASH AT BEGINNING OF PERIOD | $ - | $ - |
| B. RECEIPTS | | |
| 1. Cash Sales | 50,700.00 | |
| Less: (Cash Refunds) | | |
| Net Cash Sales | | |
| 2. Collection on post petition A/R | | |
| 3. Collection on pre petition A/R | - | |
| 4. Other Receipts | - | - |
| C. TOTAL RECEIPTS | **50,700.00** | - |
| D. TOTAL CASH AVAILABLE FOR OPERATIONS | **50,700.00** | - |
| E. DISBURSEMENT | | |
| 1. Net Payroll (Sub Contractors) | 19,800.00 | |
| 2. Payroll Taxes Paid | | |
| 3. Sales and Use Taxes | | |
| 4. Other Taxes | | |
| 5. Rent | | |
| 6. Other Lease (Attach details) | | |
| 7. Telephone | | |
| 8. Utilities | | |
| 9. Travel and Transportation | | |
| 10. Vehicle Expenses | | |
| 11. Office Supplies | | |
| 12. Advertising | | |
| 13. Insurance | | |
| 14. Purchases of Fixed Assets (Attach details) | | |
| 15. Purchases of Inventory | | |
| 16. Manufacturing Supplies (Materials) | 16,500.00 | |
| 17. Repairs and Maintenance | | |
| 18. Payment to Secured Creditors (Business loans) | | |
| 19. Other Operating Expenses (Attach details) | | |
| F. TOTAL CASH DISBURSEMENTS | **36,300.00** | - |
| G. ENDING CASH BALANCE | - | - |
| H. ENDING CASH BALANCE (THIS PERIOD) | **14,400.00** | - |

| | | |
|---|---|---|
| **I. OTHER INCOME** | | |
| 1. Salaries and commissions | | - |
| 2. Interest or dividends | | |
| 3. Rent | | |
| 4. Other | | |
| SUB TOTAL (OTHER INCOME) | - | - |
| **J. TOTAL AVAILABLE INCOME** | 14,400.00 | - |
| **K. PERSONAL EXPENSES** | | |
| 1. Federal Taxes | - | - |
| 2. State Taxes | | |
| 3. Other Taxes | - | - |
| 4. Utilities | - | - |
| 5. Mortgage/Rent | | |
| 6. Insurance Premiums (Attach detailed statement) | | |
| 7. Food | - | - |
| 8. Medical/Dental | | |
| 9. Loan Payments (Attach detailed statement) | | |
| 10. Transportation (Attach detailed statement) | - | - |
| 11. Clothing | - | - |
| 12. Gift and Donations | | |
| 13. Tuition/Education | - | - |
| 14. Chapter 13 Trustee Monthly Payment | | |
| 15. Other (Attaced detailed statement) | - | - |
| **L. TOTAL PERSONAL DISBURSEMENTS** | - | - |
| **M. DISPOSABLE INCOME (FOR NEXT PERIOD)** | $ 14,400.00 | $ - |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief.

Signature of Debtor

6-May-18
Date

Signature of Joint Debtor

Debtor(s) attorney

AMILCAR NORAT COLLAZO
Monthly Financial Report for Business (D/B/A)
FOR THE PERIOD BEGINNING : April 1, 2026 AND ENDING : April 30, 2026
**Personal Expenses OTHER - Detail**

| | |
|---|---|
| Entertaiment | - |
| Alimony | - |
| Car maintenance | - |
| Toll | - |
| Gas | - |
| Hair Cuts | - |
| Contribution to Household Expenses | - |
| Food away from home | - |
| Home Maintenaces and Repairs | - |
| Car Repairs | - |
| **Total Others** | - |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AMILCAR NORAT COLLAZO | Case No. |
| | Chapter 13 |
| Debtor(s) | |

Monthly Financial Report for Business (D/B/A)
(Chapter 13 Trustee Amilcar Norat Collazo)

FOR THE PERIOD BEGINNING : May 1, 2026 AND ENDING : May 31, 2026

All items must be answered or if any of the items listed do not apply, answer "none" or "N/A"

| **PROJECT: JUAN VAZQUEZ** | CURRENT MONTH | PREVIOUS MONTH |
|---|---|---|
| A. CASH AT BEGINNING OF PERIOD | $ 14,400.00 | $ - |
| B. RECEIPTS | | $ - |
| 1. Cash Sales | 35,000.00 | 50,700.00 |
| Less: (Cash Refunds) | | - |
| Net Cash Sales | | - |
| 2. Collection on post petition A/R | | - |
| 3. Collection on pre petition A/R | - | - |
| 4. Other Receipts | - | - |
| C. TOTAL RECEIPTS | **35,000.00** | **50,700.00** |
| D. TOTAL CASH AVAILABLE FOR OPERATIONS | **49,400.00** | **50,700.00** |
| E. DISBURSEMENT | | |
| 1. Net Payroll (Sub Contractors) | 12,000.00 | 19,800.00 |
| 2. Payroll Taxes Paid | | - |
| 3. Sales and Use Taxes | | - |
| 4. Other Taxes | | - |
| 5. Rent | | - |
| 6. Other Lease (Attach details) | | - |
| 7. Telephone | | - |
| 8. Utilities | | - |
| 9. Travel and Transportation | | - |
| 10. Vehicle Expenses | | - |
| 11. Office Supplies | | - |
| 12. Advertising | | - |
| 13. Insurance | | - |
| 14. Purchases of Fixed Assets (Attach details) | | - |
| 15. Purchases of Inventory | | - |
| 16. Manufacturing Supplies (Materials) | 9,500.00 | 16,500.00 |
| 17. Repairs and Maintenance | | - |
| 18. Payment to Secured Creditors (Business loans) | | - |
| 19. Other Operating Expenses (Attach details) | | - |
| F. TOTAL CASH DISBURSEMENTS | **21,500.00** | **36,300.00** |
| G. ENDING CASH BALANCE | - | - |
| H. ENDING CASH BALANCE (THIS PERIOD) | **27,900.00** | **14,400.00** |

| | | |
|---|---|---|
| I. OTHER INCOME | | |
| 1. Salaries and commissions | | - |
| 2. Interest or dividends | | |
| 3. Rent | | |
| 4. Other | | |
| SUB TOTAL (OTHER INCOME) | - | - |
| J. TOTAL AVAILABLE INCOME | 27,900.00 | 14,400.00 |
| K. PERSONAL EXPENSES | | |
| 1. Federal Taxes | - | - |
| 2. State Taxes | | |
| 3. Other Taxes | - | - |
| 4. Utilities | - | - |
| 5. Mortgage/Rent | | |
| 6. Insurance Premiums (Attach detailed statement) | | |
| 7. Food | - | - |
| 8. Medical/Dental | | |
| 9. Loan Payments (Attach detailed statement) | | |
| 10. Transportation (Attach detailed statement) | - | - |
| 11. Clothing | - | - |
| 12. Gift and Donations | | |
| 13. Tuition/Education | - | - |
| 14. Chapter 13 Trustee Monthly Payment | | |
| 15. Other (Attaced detailed statement) | - | - |
| L. TOTAL PERSONAL DISBURSEMENTS | - | - |
| M. DISPOSABLE INCOME (FOR NEXT PERIOD) | $ 27,900.00 | $ 14,400.00 |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief.

Signature of Debtor

6-May-18

Date

Signature of Joint Debtor

Debtor(s) attorney

AMILCAR NORAT COLLAZO
Monthly Financial Report for Business (D/B/A)
FOR THE PERIOD BEGINNING : May 1, 2026 AND ENDING : May 31, 2026
**Personal Expenses OTHER - Detail**

| | |
|---|---|
| Entertaiment | - |
| Alimony | - |
| Car maintenance | - |
| Toll | - |
| Gas | - |
| Hair Cuts | - |
| Contribution to Household Expenses | - |
| Food away from home | - |
| Home Maintenaces and Repairs | - |
| Car Repairs | - |
| **Total Others** | - |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AMILCAR NORAT COLLAZO | Case No. |
| Debtor(s) | Chapter 13 |

Monthly Financial Report for Business (D/B/A)
(Chapter 13 Trustee Amilcar Norat Collazo)

FOR THE PERIOD BEGINNING : June 1, 2026 AND ENDING : June 30, 2026

All items must be answered or if any of the items listed do not apply, answer "none" or "N/A"

| **PROJECT: JUAN VAZQUEZ** | CURRENT MONTH | PREVIOUS MONTH |
|---|---|---|
| A. CASH AT BEGINNING OF PERIOD | $ 27,900.00 | $ 14,400.00 |
| B. RECEIPTS | | $ - |
| 1. Cash Sales | 26,000.00 | 35,000.00 |
| Less: (Cash Refunds) | | - |
| Net Cash Sales | | - |
| 2. Collection on post petition A/R | | - |
| 3. Collection on pre petition A/R | - | - |
| 4. Other Receipts | - | - |
| C. TOTAL RECEIPTS | **26,000.00** | **35,000.00** |
| D. TOTAL CASH AVAILABLE FOR OPERATIONS | **53,900.00** | **49,400.00** |
| E. DISBURSEMENT | | |
| 1. Net Payroll (Sub Contractors) | 9,500.00 | 12,000.00 |
| 2. Payroll Taxes Paid | | - |
| 3. Sales and Use Taxes | | - |
| 4. Other Taxes | | - |
| 5. Rent | | - |
| 6. Other Lease (Attach details) | | - |
| 7. Telephone | | - |
| 8. Utilities | | - |
| 9. Travel and Transportation | | - |
| 10. Vehicle Expenses | | - |
| 11. Office Supplies | | - |
| 12. Advertising | | - |
| 13. Insurance | | - |
| 14. Purchases of Fixed Assets (Attach details) | | - |
| 15. Purchases of Inventory | | - |
| 16. Manufacturing Supplies (Materials) | 7,500.00 | 9,500.00 |
| 17. Repairs and Maintenance | | - |
| 18. Payment to Secured Creditors (Business loans) | | - |
| 19. Other Operating Expenses (Attach details) | | - |
| F. TOTAL CASH DISBURSEMENTS | **17,000.00** | **21,500.00** |
| G. ENDING CASH BALANCE | - | - |
| H. ENDING CASH BALANCE (THIS PERIOD) | **36,900.00** | **27,900.00** |

| | | |
|---|---|---|
| I. OTHER INCOME | | |
| 1. Salaries and commissions | | - |
| 2. Interest or dividends | | |
| 3. Rent | | |
| 4. Other | | |
| SUB TOTAL (OTHER INCOME) | - | - |
| J. TOTAL AVAILABLE INCOME | 36,900.00 | 27,900.00 |
| K. PERSONAL EXPENSES | | |
| 1. Federal Taxes | - | - |
| 2. State Taxes | | |
| 3. Other Taxes | - | - |
| 4. Utilities | - | - |
| 5. Mortgage/Rent | | |
| 6. Insurance Premiums (Attach detailed statement) | | |
| 7. Food | - | - |
| 8. Medical/Dental | | |
| 9. Loan Payments (Attach detailed statement) | | |
| 10. Transportation (Attach detailed statement) | - | - |
| 11. Clothing | - | - |
| 12. Gift and Donations | | |
| 13. Tuition/Education | - | - |
| 14. Chapter 13 Trustee Monthly Payment | | |
| 15. Other (Attaced detailed statement) | - | - |
| L. TOTAL PERSONAL DISBURSEMENTS | - | - |
| M. DISPOSABLE INCOME (FOR NEXT PERIOD) | $ 36,900.00 | $ 27,900.00 |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief.

Signature of Debtor — 6-May-18 Date

Signature of Joint Debtor — Debtor(s) attorney

AMILCAR NORAT COLLAZO
Monthly Financial Report for Business (D/B/A)
FOR THE PERIOD BEGINNING : June 1, 2026 AND ENDING : June 30, 2026
**Personal Expenses OTHER - Detail**

| | |
|---|---|
| Entertaiment | - |
| Alimony | - |
| Car maintenance | - |
| Toll | - |
| Gas | - |
| Hair Cuts | - |
| Contribution to Household Expenses | - |
| Food away from home | - |
| Home Maintenaces and Repairs | - |
| Car Repairs | - |
| **Total Others** | - |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

AMILCAR NORAT COLLAZO

Debtor(s)

Case No.

Chapter 13

Monthly Financial Report for Business (D/B/A)
(Chapter 13 Trustee Amilcar Norat Collazo)

FOR THE PERIOD BEGINNING : July 1, 2026 AND ENDING : July 31, 2026

All items must be answered or if any of the items listed do not apply, answer "none" or "N/A"

| **PROJECT: JUAN VAZQUEZ** | CURRENT MONTH | PREVIOUS MONTH |
|---|---|---|
| A. CASH AT BEGINNING OF PERIOD | $ 27,900.00 | $ 14,400.00 |
| B. RECEIPTS | | $ - |
| 1. Cash Sales | 24,000.00 | 35,000.00 |
| Less: (Cash Refunds) | | - |
| Net Cash Sales | | - |
| 2. Collection on post petition A/R | | - |
| 3. Collection on pre petition A/R | - | - |
| 4. Other Receipts | - | - |
| C. TOTAL RECEIPTS | **24,000.00** | **35,000.00** |
| D. TOTAL CASH AVAILABLE FOR OPERATIONS | **51,900.00** | **49,400.00** |
| E. DISBURSEMENT | | |
| 1. Net Payroll (Sub Contractors) | 8,000.00 | 12,000.00 |
| 2. Payroll Taxes Paid | | - |
| 3. Sales and Use Taxes | | - |
| 4. Other Taxes | | - |
| 5. Rent | | - |
| 6. Other Lease (Attach details) | | - |
| 7. Telephone | | - |
| 8. Utilities | | - |
| 9. Travel and Transportation | | - |
| 10. Vehicle Expenses | | - |
| 11. Office Supplies | | - |
| 12. Advertising | | - |
| 13. Insurance | | - |
| 14. Purchases of Fixed Assets (Attach details) | | - |
| 15. Purchases of Inventory | | - |
| 16. Manufacturing Supplies (Materials) | 7,500.00 | 9,500.00 |
| 17. Repairs and Maintenance | | - |
| 18. Payment to Secured Creditors (Business loans) | | - |
| 19. Other Operating Expenses (Attach details) | | - |
| F. TOTAL CASH DISBURSEMENTS | **15,500.00** | **21,500.00** |
| G. ENDING CASH BALANCE | - | - |
| H. ENDING CASH BALANCE (THIS PERIOD) | **36,400.00** | **27,900.00** |

| | | |
|---|---|---|
| **I. OTHER INCOME** | | |
| 1. Salaries and commissions | | - |
| 2. Interest or dividends | | |
| 3. Rent | | |
| 4. Other | | |
| SUB TOTAL (OTHER INCOME) | - | - |
| **J. TOTAL AVAILABLE INCOME** | 36,400.00 | 27,900.00 |
| **K. PERSONAL EXPENSES** | | |
| 1. Federal Taxes | - | - |
| 2. State Taxes | | |
| 3. Other Taxes | - | - |
| 4. Utilities | - | - |
| 5. Mortgage/Rent | | |
| 6. Insurance Premiums (Attach detailed statement) | | |
| 7. Food | - | - |
| 8. Medical/Dental | | |
| 9. Loan Payments (Attach detailed statement) | | |
| 10. Transportation (Attach detailed statement) | - | - |
| 11. Clothing | - | - |
| 12. Gift and Donations | | |
| 13. Tuition/Education | - | - |
| 14. Chapter 13 Trustee Monthly Payment | | |
| 15. Other (Attaced detailed statement) | - | - |
| **L. TOTAL PERSONAL DISBURSEMENTS** | - | - |
| **M. DISPOSABLE INCOME (FOR NEXT PERIOD)** | $ 36,400.00 | $ 27,900.00 |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief.

[signature]
Signature of Debtor

6-May-18
Date

Signature of Joint Debtor

[signature]
Debtor(s) attorney

AMILCAR NORAT COLLAZO
Monthly Financial Report for Business (D/B/A)
FOR THE PERIOD BEGINNING : July 1, 2026 AND ENDING : July 31, 2026
**Personal Expenses OTHER - Detail**

| | |
|---|---|
| Entertaiment | - |
| Alimony | - |
| Car maintenance | - |
| Toll | - |
| Gas | - |
| Hair Cuts | - |
| Contribution to Household Expenses | - |
| Food away from home | - |
| Home Maintenaces and Repairs | - |
| Car Repairs | - |
| **Total Others** | - |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

AMILCAR NORAT COLLAZO

Debtor(s)

Case No.

Chapter 13

Monthly Financial Report for Business (D/B/A)
(Chapter 13 Trustee Amilcar Norat Collazo)

FOR THE PERIOD BEGINNING : August 1, 2026 AND ENDING : August 31, 2026

All items must be answered or if any of the items listed do not apply, answer "none" or "N/A"

| PROJECT: JUAN VAZQUEZ | CURRENT MONTH | PREVIOUS MONTH |
|---|---|---|
| A. CASH AT BEGINNING OF PERIOD | $ 27,900.00 | $ 14,400.00 |
| B. RECEIPTS | | $ - |
| 1. Cash Sales | 35,000.00 | 35,000.00 |
| Less: (Cash Refunds) | | - |
| Net Cash Sales | | - |
| 2. Collection on post petition A/R | | - |
| 3. Collection on pre petition A/R | - | - |
| 4. Other Receipts | - | - |
| C. TOTAL RECEIPTS | **35,000.00** | **35,000.00** |
| D. TOTAL CASH AVAILABLE FOR OPERATIONS | **62,900.00** | **49,400.00** |
| E. DISBURSEMENT | | |
| 1. Net Payroll (Sub Contractors) | 14,000.00 | 12,000.00 |
| 2. Payroll Taxes Paid | | - |
| 3. Sales and Use Taxes | | - |
| 4. Other Taxes | | - |
| 5. Rent | | - |
| 6. Other Lease (Attach details) | | - |
| 7. Telephone | | - |
| 8. Utilities | | - |
| 9. Travel and Transportation | | - |
| 10. Vehicle Expenses | | - |
| 11. Office Supplies | | - |
| 12. Advertising | | - |
| 13. Insurance | | - |
| 14. Purchases of Fixed Assets (Attach details) | | - |
| 15. Purchases of Inventory | | - |
| 16. Manufacturing Supplies (Materials) | 11,000.00 | 9,500.00 |
| 17. Repairs and Maintenance | | - |
| 18. Payment to Secured Creditors (Business loans) | | - |
| 19. Other Operating Expenses (Attach details) | | - |
| F. TOTAL CASH DISBURSEMENTS | **25,000.00** | **21,500.00** |
| G. ENDING CASH BALANCE | - | - |
| H. ENDING CASH BALANCE (THIS PERIOD) | **37,900.00** | **27,900.00** |

| | | |
|---|---|---|
| I. OTHER INCOME | | |
| 1. Salaries and commissions | | - |
| 2. Interest or dividends | | |
| 3. Rent | | |
| 4. Other | | |
| SUB TOTAL (OTHER INCOME) | - | - |
| J. TOTAL AVAILABLE INCOME | 37,900.00 | 27,900.00 |
| K. PERSONAL EXPENSES | | |
| 1. Federal Taxes | - | - |
| 2. State Taxes | | |
| 3. Other Taxes | - | - |
| 4. Utilities | - | - |
| 5. Mortgage/Rent | | |
| 6. Insurance Premiums (Attach detailed statement) | | |
| 7. Food | - | - |
| 8. Medical/Dental | | |
| 9. Loan Payments (Attach detailed statement) | | |
| 10. Transportation (Attach detailed statement) | - | - |
| 11. Clothing | - | - |
| 12. Gift and Donations | | |
| 13. Tuition/Education | - | - |
| 14. Chapter 13 Trustee Monthly Payment | | |
| 15. Other (Attaced detailed statement) | - | - |
| L. TOTAL PERSONAL DISBURSEMENTS | - | - |
| M. DISPOSABLE INCOME (FOR NEXT PERIOD) | $ 37,900.00 | $ 27,900.00 |

I declare under penalty of perjury that this statement and the accompanying documents and reports are true and correct to the best of my knowledge and belief.

[signature]
Signature of Debtor

6-May-18
Date

Signature of Joint Debtor

[signature]
Debtor(s) attorney

AMILCAR NORAT COLLAZO
Monthly Financial Report for Business (D/B/A)
FOR THE PERIOD BEGINNING : August 1, 2026 AND ENDING : August 31, 2026
**Personal Expenses OTHER - Detail**

| | |
|---|---|
| Entertaiment | - |
| Alimony | - |
| Car maintenance | - |
| Toll | - |
| Gas | - |
| Hair Cuts | - |
| Contribution to Household Expenses | - |
| Food away from home | - |
| Home Maintenaces and Repairs | - |
| Car Repairs | - |
| **Total Others** | - |

**26-03166-ESL13** AMILCAR NORAT COLLAZO
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Bankruptcy Judge:** ENRIQUE S. LAMOUTTE INCLAN
**Date filed:** 07/09/2026 **Date of last filing:** 08/31/2026

# Creditors

| | |
|---|---|
| **DEPT. DE TRANSPORTACION Y OBRAS PUBLICAS**<br>P O BOX 7266<br>PONCE, PR 00732 | (5442050)<br>(cr) |
| **DEPT. DE TRANSPORTACION Y OBRAS PUBLICAS**<br>P O BOX 7266<br>PONCE, PR 00732 | (5442051)<br>(cr) |
| **FRANCISCO M. NORAT GONZALEZ**<br>URB VERSALLES<br>B5 CALLE 1<br>Bayamon, PR 00959 | (5442052)<br>(cr) |
| **JEFFERSON CAPITAL**<br>PO Box 7999<br>Saint Cloud, MN 56302-7999 | (5442053)<br>(cr) |
| **Jefferson Capital Systems, LLC**<br>PO BOX 7999<br>SAINT CLOUD, MN 56302-9617 | (5456986)<br>(cr) |
| **Lcda Carla Araiza Gonz?lez**<br>PO Box 9023525<br>San Juan, PR 00902 | (5442054)<br>(cr) |
| **LUMA**<br>P O BOX 364267<br>SAN JUAN , PR 00936 | (5442055)<br>(cr) |
| **LUMA ENERGY**<br>REVENUE PROTECTION<br>PO BOX 364267<br>SAN JUAN, PR 00936 | (5443490)<br>(cr) |
| **SANDRA GONZALEZ COLLAZO**<br>URB VERSALLES<br>B5 CALLE 1<br>Bayamon, PR 00959 | (5442056)<br>(cr) |


| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/08/2026 16:50:38 | | | |
| **PACER Login:** | bigasalex | **Client Code:** | |

| | | | |
|---|---|---|---|
| **Description:** | Creditor List | **Search Criteria:** | 26-03166-ESL13 Creditor Type: All |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |