IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>AMILCAR NORAT COLLAZO<br><br>Debtor | CASE NO. 26-03166 (ESL)<br><br>CHAPTER 13 |

**MINUTES OF INITIAL CONFIRMATION HEARING HELD ON SEPTEMBER 23, 2026**

This case came before the court on September 23, 2026 at 10:30 A.M. for an Initial Confirmation Hearing. See, *Notice of Chapter 13 Bankruptcy Case*, dkt. #7.

**PARTIES PRESENT (IN PRESENCE)**

Alexandra Bigas Valedon, Esq., counsel for the Debtor

Carla Arraiza González, Esq., counsel for creditors Sandra González Colón and Francisco Norat González (the "**DSO Creditors**")

Nannette Godreau, Esq. representing the Chapter 13 Trustee

**DISCUSSION**

Counsel for the Debtor, the DSO Creditors, and the Chapter 13 Trustee made their appearances before the court. The court noted that, although the case is scheduled for an Initial Confirmation Hearing, other pending matters affect confirmation, including the *Motion Requesting Dismissal of the Case for Failure to Make Post Petition Child Support Obligation Payments* filed by the DSO Creditors (dkt. #26), the Debtor's response thereto (dkt. #34), and various motions concerning the Debtor's request for continuation of the automatic stay (dkts. ##5, 15, 16, 25, 28, 31, 32, 33, 36, and 41). Accordingly, at this juncture, the Debtor's Chapter 13 Plan (dkt. #24) could not be confirmed. The court further noted that, upon review of the docket, the principal issues affecting the case are the domestic support obligation ("**DSO**") claim asserted by the DSO Creditors and feasibility.

Counsel for the Debtor stated that most of the issues raised by the Chapter 13 Trustee at the 341 Meeting concern the Debtor's ability to fund the Chapter 13 Plan. Regarding the DSO

payments, counsel represented that the Debtor is current. Counsel explained that the DSO Creditors allege that the Debtor is in arrears on post-petition payments; however, at the 341 Meeting, counsel for the DSO Creditors acknowledged that the Debtor had made a direct payment to Sandra González. Counsel stated that the Debtor would request a revised certification regarding the alleged post-petition arrearage. Counsel further represented that the Debtor has established that the petition was filed in good faith, that the Debtor is current on payments to the Chapter 13 Trustee and on domestic support obligations, and that the available evidence supports the Debtor's ability to fund the Chapter 13 Plan. Counsel acknowledged that, given the early stage of the case, the Debtor could not yet provide evidence regarding future income from the Debtor's business.

Counsel for the DSO Creditors clarified that she was not present at the 341 Meeting. Counsel stated that the certification of post-petition arrears reflected an amount of $900.00 and that, after application of the Debtor's $500.00 direct payment to Sandra González, a balance remained due. Counsel further stated that this is not the first occasion on which the Debtor has incurred post-petition DSO arrears, noting that similar circumstances arose in a prior bankruptcy case. Counsel argued that the Debtor has not established that the Debtor's financial circumstances have materially improved or that the Debtor will be able to fund the Chapter 13 Plan. Counsel also represented that the Debtor has not complied with the Chapter 13 Trustee's requests for documents, including bank statements and tax returns. Counsel maintained that the case is not ready for confirmation and noted inconsistencies between the income the Debtor reported as of July 19, 2026, when the petition was filed, and the income projected under the Chapter 13 Plan. Counsel stated that the DSO Creditors would reply to the Debtor's response to the motion concerning post-petition arrears.

Counsel for the Chapter 13 Trustee stated that the Chapter 13 Trustee had evaluated the motions filed in the case. Counsel explained that the Debtor's performance under the Chapter 13 Plan depends upon the Debtor's ability to obtain substantial, sporadic income during the term of the Chapter 13 Plan to make the proposed lump sum payments. Based on the information presently available, counsel stated that the Chapter 13 Trustee could not determine whether the Debtor would

be able to make the proposed step-up payments. Counsel nevertheless stated that other issues raised by the Chapter 13 Trustee remain unaddressed by the Debtor. Counsel further argued that the Debtor has not established that the Debtor's financial situation is better than it was in the prior bankruptcy case and that evidence of prospective income is necessary to evaluate the feasibility of the Chapter 13 Plan. Counsel noted that the Chapter 13 Plan proposes payment in full of claims and, therefore, the issue is not the proposed distribution to creditors but the feasibility of the plan. Counsel also noted that the Debtor is a repeat filer and reiterated the Chapter 13 Trustee's opposition to confirmation.

After hearing from the parties, the court stated that the central issue is whether the Debtor will be able to make the payments required under the Chapter 13 Plan. The court noted that the Debtor's bankruptcy history is not straightforward and referenced the Debtor's prior bankruptcy cases: Bankr. Case No. 17-6017, a Chapter 13 case dismissed in 2018; Bankr. Case No. 18-3605, a Chapter 13 case filed a few days after dismissal of Case No. 17-6017 and dismissed in 2023; and Case No. 25-3828, a Chapter 13 case dismissed in March 2026. The court stated that failure to comply with the proposed Chapter 13 Plan or to remain current on post-petition DSO payments would constitute cause for dismissal. The court further noted that dismissal could include a bar to refiling, as requested by the United States Trustee in a prior motion (see, dkt. #40).

The court noted the serious consequences that dismissal could have for the parties and the pending matters before the court. The court observed that the Debtor has no real property or secured claims and that the schedules reflect total assets of $12,810.00. The court further stated that, even if continuation of the automatic stay was not granted, there appears to be no assets subject to foreclosure or execution. The court noted that approximately 90 percent of the claims in the case consist of the DSO Creditors' claim. The court also stated that, if the case were dismissed, funds paid to the Chapter 13 Trustee, after deduction of the Chapter 13 Trustee's commission, would be distributed to the DSO Creditors. The court remarked that dismissal would not appear to benefit any party.

Counsel for the Chapter 13 Trustee expressed agreement with the court's observations. Counsel stated that it is unclear whether the Debtor will be able to provide the evidence requested by the Chapter 13 Trustee because the Debtor expects to procure construction contracts during the term of the Chapter 13 Plan. Counsel also agreed with the United States Trustee's position regarding a bar to refiling and stated that the creditors have shown no interest in negotiating with the Debtor.

Counsel for the DSO Creditors represented that, in order to discuss a potential settlement agreement, the DSO Creditors would require a significant upfront payment and that an amount of less than $50,000.00 would not be acceptable. Counsel argued that the totality of the circumstances demonstrates that the Debtor has used the bankruptcy process to delay state-court proceedings.

The court stated that the Debtor's schedules must be filed accurately and warned that inaccurate information could result in dismissal or referral for criminal investigation. The court encouraged the parties to engage in settlement discussions and stated that, if the parties were unable to reach an agreement, the court would resolve the pending matters on their merits. The court noted, however, that such a result would likely not benefit any of the parties. The court further noted the history of repeat bankruptcy filings involving DSO claims and stated that, if the case were dismissed, it would be dismissed with a bar to refiling of no less than two (2) years. The court emphasized that the DSO debt remains due and is nondischargeable. The court stated that, absent a showing of feasibility, the Chapter 13 Plan cannot be confirmed.

Counsel for the Chapter 13 Trustee stated that it remains unclear how the Debtor's corporation will pay the Debtor for work performed under construction contracts procured by the corporation. Counsel explained that the Chapter 13 Trustee lacks information concerning the mechanism by which funds would flow from the corporation to the Debtor, including through salary or other compensation. Counsel for the Debtor stated that the Debtor could file a motion providing the information and documents to be produced to the Chapter 13 Trustee for the benefit of other parties.

For the reasons stated by the Chapter 13 Trustee in the unfavorable report (dkt. #37), the court DENIED confirmation of the Chapter 13 Plan (dkt. #24). The court declined, however, to apply P.R. L.B.R. 3015 at this time. Instead, the court granted the Debtor, the DSO Creditors, and the Chapter 13 Trustee thirty (30) days to notify the court whether the parties are able to reach a settlement of the pending matters. If no agreement is reached, the court will schedule such further hearings as appropriate in light of the matters then pending, including the request for continuation of the automatic stay.

With nothing further, court was adjourned.

**ORDER**

In light of the above, the court hereby ORDERS as follows:

1. Confirmation of the Chapter 13 Plan (dkt. #24) is DENIED for the reasons stated in the unfavorable report by the Chapter 13 Trustee (dkt. #37);
2. The Debtor, the DSO Creditors and the Chapter 13 Trustee shall inform the court within thirty (30) days on the possibility of reaching a settlement on the pending issues;
3. If no agreement is reached, the court shall schedule such further hearings as appropriate in light of the matters then pending.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25th day of September 2026.

Enrique S. Lamoutte
United States Bankruptcy Judge