**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **In Re:** | **Case No.: 26-03166 (ESL13)** |
| **AMILCAR NORAT COLLAZO** | **Chapter 13** |
| **Debtor(s)** | |

**DSO CREDITORS' REPLY TO DEBTOR'S OPPOSITION TO MOTION REQUESTING DISMISSAL AND NOTICE OF SUBSEQUENT DEVELOPMENTS MATERIAL TO THE PENDING MOTION**

**TO THE HONORABLE COURT:**

COME NOW creditors **Sandra González Colón and Francisco Norat González** (collectively, the "DSO Creditors"), through undersigned counsel, and respectfully submit this Reply to Debtor's Opposition to Motion Requesting Dismissal (Dkt. No. 34), and state as follows:

## I. PROCEDURAL BACKGROUND

1. On August 25, 2026, creditor Sandra González Colón filed a *Motion Requesting Dismissal of the Case for Failure to Make Post Petition Child Support Obligation Payments* (Dkt. No. 26), pursuant to 11 U.S.C. § 1307(c)(11).
2. At the time the Motion was filed, the ASUME certification then available reflected that Debtor was in arrears on his post-petition domestic support obligation. The Motion alleged post-petition arrears in the amount of $1,115.40 and requested dismissal pursuant to § 1307(c)(11). MOTION TO DISMISS AUGUST 2026
3. On September 15, 2026, Debtor filed his *Opposition to Motion Requesting Dismissal and Request That Same Be Denied* (Dkt. No. 34), representing that the post-petition arrearage had been cured and requesting denial of the Motion to Dismiss.
4. The DSO Creditors acknowledge that, subsequent to the filing of the Motion to Dismiss, Debtor brought the post-petition domestic support obligation at issue in Dkt. No. 26 current.
5. Accordingly, the DSO Creditors do not contend that Debtor is presently in default of the post-petition DSO obligation that constituted the immediate basis for relief under § 1307(c)(11) when Dkt. No. 26 was filed.
6. Debtor's subsequent cure, however, does not alter the fact that the arrearage existed when the Motion was filed, nor does it resolve the material deficiencies subsequently identified by the Chapter 13 Trustee and considered by this Court in connection with confirmation and feasibility.

## II. MATERIAL DEVELOPMENTS SUBSEQUENT TO THE FILING OF THE MOTION AND OPPOSITION

7. On September 18, 2026, three days after Debtor filed his Opposition, the Standing Chapter 13 Trustee filed the *§341 Meeting Minutes and Report on Confirmation* (Dkt. No. 37).
8. The Chapter 13 Trustee objected to confirmation and expressly identified, pursuant to 11 U.S.C. §§ 1325(a)(1) and 521(a)(3), Debtor's failure to comply with his duties. MINUTES 341 MEETING.
9. Among the deficiencies identified by the Trustee were Debtor's failure to provide:

   a. evidence supporting the $244.00 public transportation expense reported in the Means Test;

   b. the May 22, 2026 pay stub pertaining to Coamo Builders Corp.;

   c. the 2024 and 2025 corporate tax returns;

   d. personal and corporate bank statements for the six-month period preceding the petition through September 2026;

   e. documentation substantiating the construction project upon which Debtor proposes to fund his Chapter 13 Plan and his ability to fund the proposed Plan base;

   f. evidence of post-petition DSO payments concerning the two DSO accounts identified by the Trustee; and

   g. evidence concerning the filing of the Puerto Rico income tax returns identified by the Trustee. MINUTES 341 MEETING.
10. The Trustee further noted that the present case constitutes Debtor's **fourth bankruptcy petition**, that Debtor's prior bankruptcy case was dismissed for failure to make plan payments, and that payments made in the prior case had been returned for insufficient funds. The Trustee therefore required Debtor to substantiate his ability to make the payments proposed in the present Plan, including several lump-sum payments intended to satisfy an approximately $193,000 priority DSO claim. MINUTES 341 MEETING
11. Particularly relevant to feasibility, the Trustee stated that Debtor is the sole owner of the construction corporation through which the proposed Plan is expected to be funded and required the 2024–2025 corporate tax returns, personal and corporate bank statements, and documentation supporting the construction project and Debtor's ability to fund the proposed Plan base. *Id.*
12. On September 23, 2026, this Honorable Court held the Initial Confirmation Hearing.
13. At that hearing, counsel for the DSO Creditors informed the Court that Debtor had not complied with the Chapter 13 Trustee's requests for documents, including bank statements and tax returns, and further raised the unresolved inconsistencies concerning Debtor's reported and projected income. MINUTES CONFIRMATION HEARING.

14. The Chapter 13 Trustee independently advised the Court that unresolved issues remained and that, based upon the information then available, the Trustee could not determine whether Debtor would be capable of making the proposed step-up payments. The Trustee further stated that evidence of prospective income remained necessary to evaluate feasibility and reiterated the Trustee's opposition to confirmation. MINUTES CONFIRMATION HEARING.
15. The Trustee also advised the Court that it remained unclear how Debtor's corporation would compensate Debtor for work performed under the contemplated construction contracts, including whether such funds would flow to Debtor through salary or some other form of compensation. MINUTES CONFIRMATION HEARING.
16. After considering the positions of the parties and the Trustee, this Court **DENIED confirmation of Debtor's Chapter 13 Plan.**
17. Although the Court denied confirmation, it declined at that time to apply P.R. L.B.R. 3015. Instead, the Court granted Debtor, the DSO Creditors, and the Chapter 13 Trustee thirty (30) days to notify the Court whether the parties were able to reach a settlement of the pending matters. The Court further provided that, if no agreement is reached, it would schedule such further hearings as appropriate in light of the matters then pending.
18. The Court-ordered thirty-day period remains pending and expires on October 23, 2026. Consistent with the Court's directive, the DSO Creditors have engaged in settlement discussions with Debtor and the parties have exchanged settlement proposals. No agreement has been reached to date.

## III. DEBTOR'S SUBSEQUENT CURE OF THE POST-PETITION DSO DOES NOT RESOLVE THE CONTINUING FEASIBILITY AND DISCLOSURE CONCERNS

1. The DSO Creditors recognize that Debtor's subsequent cure of the post-petition DSO arrearage is a material development and appropriately acknowledge it to the Court.
2. Nevertheless, subsequent developments demonstrate that the issues affecting the viability of this Chapter 13 case extend beyond the post-petition DSO delinquency that prompted the filing of Dkt. No. 26.
3. Section 1307(c) permits dismissal or conversion of a Chapter 13 case, after notice and a hearing, "for cause," and § 1307(c)(1) identifies "unreasonable delay by the debtor that is prejudicial to creditors" as one such ground.
4. Section 521(a)(3), in turn, requires a debtor to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties."
5. The information requested by the Chapter 13 Trustee is neither collateral nor immaterial. Rather, it bears directly upon the principal issue identified by both the Trustee and this Court: **whether Debtor can feasibly fund the Chapter 13 Plan he proposes.**

6. The Trustee's report reflects a proposed Plan base of **$250,200.00** and approximately **$193,000.00 in estimated priority debt.** MINUTES 341 MEETING.
7. Debtor proposes to fund substantial portions of the Plan through income expected to arise from construction projects undertaken through a corporation of which Debtor is the sole owner. It was precisely in connection with evaluating that proposed source of funding that the Trustee required corporate tax returns, personal and corporate bank statements, and documentation substantiating both the project and Debtor's ability to fund the proposed Plan base. MINUTES 341 MEETING.
8. Subsequently, Debtor produced certain **Coamo Builders contracts**. However, to the DSO Creditors' knowledge, Debtor has not produced the remaining material financial documentation requested by the Trustee, including the requested personal and corporate bank statements and corporate tax returns.
9. Production of the Coamo Builders contracts, standing alone, does not resolve the Trustee's stated feasibility concerns. As stated in OBJECTING CREDITORS' OPPOSITION TO DEBTOR'S SUPPLEMENTAL RESPONSE AND RESPONSE TO OBJECTING CREDITORS' SUR REPLY, AND REQUEST THAT CONTINUATION OF THE AUTOMATIC STAY BE DENIED (Dkt. 41), the existence of contracts may evidence a potential source of corporate revenue, but it does not establish actual receipts, historical or current cash flow, corporate expenses, available net income, or the amount and mechanism through which corporate revenues will become personal income available to Debtor to fund the Chapter 13 Plan.
10. This distinction is particularly significant because the Trustee expressly advised the Court at the September 23 hearing that the Trustee lacked information concerning the mechanism by which funds from Debtor's corporation would flow to Debtor, whether by salary or other compensation. MINUTES CONFIRMATION HEARING.
11. Accordingly, notwithstanding production of the Coamo Builders contracts, the principal financial information identified by the Trustee as necessary to evaluate feasibility remains, to the DSO Creditors' knowledge, materially incomplete.

## IV. THE PROCEDURAL HISTORY WARRANTS CONTINUED SCRUTINY OF DEBTOR'S ABILITY TO PROSECUTE A CONFIRMABLE CHAPTER 13 CASE

1. The present case does not arise in isolation. The Trustee's report identifies this proceeding as Debtor's fourth bankruptcy petition and notes that Debtor's prior case was dismissed for failure to make plan payments, including payments returned for insufficient funds. MINUTES 341 MEETING.
2. At the September 23 hearing, this Court likewise reviewed Debtor's bankruptcy history, including Bankruptcy Case No. 17-06017, dismissed in 2018; Bankruptcy Case No. 18-03605, filed shortly thereafter and dismissed in 2023; and Bankruptcy

Case No. 25-03828, dismissed in March 2026. MINUTES CONFIRMATION HEARING.

3. The Court stated that failure to comply with the proposed Chapter 13 Plan or to remain current on post-petition DSO payments would constitute cause for dismissal and further noted that dismissal could include a bar to refiling. *Id.*
4. The Court further stated that, should the case ultimately be dismissed, dismissal would include a bar to refiling of no less than two years. MINUTES CONFIRMATION HEARING.
5. The DSO Creditors do not rely upon Debtor's bankruptcy history, standing alone, as a basis for dismissal. That history is nevertheless relevant context in evaluating whether Debtor has adequately demonstrated that the present Chapter 13 case offers a feasible means of satisfying the obligations proposed under the Plan.
6. This is particularly so where the Trustee expressly identified Debtor's prior inability to make plan payments and therefore required substantiation of Debtor's ability to make the substantial payments contemplated under the present Plan. MINUTES 341 MEETING.
7. Despite the Trustee's formal requests, the unfavorable confirmation report, the September 23 hearing, and the subsequent denial of confirmation, material financial information necessary to evaluate Debtor's actual financial condition and ability to fund the Plan remains, to the DSO Creditors' knowledge, outstanding.
8. Under these circumstances, Debtor's subsequent cure of the post-petition DSO delinquency does not resolve the broader and continuing issue of whether Debtor can prosecute a feasible and confirmable Chapter 13 case.

## V. THE PENDING SETTLEMENT PERIOD DOES NOT MOOT THE MOTION TO DISMISS OR RESOLVE THE OUTSTANDING FEASIBILITY CONCERNS

1. At the September 23 hearing, this Honorable Court denied confirmation of Debtor's Chapter 13 Plan and afforded Debtor, the DSO Creditors, and the Chapter 13 Trustee thirty (30) days to notify the Court whether the parties could reach a consensual resolution of the pending matters. MINUTES CONFIRMATION HEARING.
2. That Court-ordered period remains pending and expires on October 23, 2026.
3. **The DSO Creditors are presently participating in the settlement process established by this Court and do not seek through this Reply to circumvent or prematurely terminate the period afforded by the Court.**
4. The existence of ongoing settlement discussions, however, does not resolve the separate deficiencies identified by the Chapter 13 Trustee concerning Debtor's financial disclosures and the feasibility of the proposed Plan.
5. Nor should the pendency of settlement discussions provide Debtor with an additional period within which to satisfy document requests and disclosure

obligations that predate the settlement period and formed part of the Trustee's objections upon which confirmation was denied.

6. The DSO Creditors submit this Reply so that the record accurately reflects both Debtor's subsequent cure of the post-petition DSO delinquency and the material developments occurring thereafter, while preserving the pending Motion to Dismiss for adjudication should the parties be unable to reach a consensual resolution within the period established by the Court.
7. Should no consensual resolution be reached by October 23, 2026, the DSO Creditors respectfully request that the Motion to Dismiss remain before the Court for adjudication upon the complete record then existing, including the Trustee's objections, the denial of confirmation, Debtor's compliance or noncompliance with the Trustee's outstanding requests, and all other circumstances relevant under 11 U.S.C. § 1307(c).

## VI. CONCLUSION

The DSO Creditors acknowledge that Debtor has cured the post-petition DSO arrearage that existed when Dkt. No. 26 was filed. Also, that subsequent cure constitutes a relevant change in circumstances but does not resolve the material feasibility and financial disclosure issues subsequently identified by the Chapter 13 Trustee and upon which this Court denied confirmation.

Even though, Debtor has produced certain Coamo Builders contracts, such contracts do not satisfy proof of burden, and, in addition, to the DSO Creditors' knowledge, the financial documentation requested by the Trustee and necessary to evaluate the proposed source of Plan funding—including personal and corporate bank statements and corporate tax returns—remains materially outstanding.

The DSO Creditors are presently participating in the settlement process established by this Court and do not request that the Court prematurely terminate that process. At the same time, the DSO Creditors respectfully submit that Debtor's cure of the DSO delinquency should not result in denial of Dkt. No. 26 as though the subsequent and continuing circumstances affecting the administration and feasibility of this Chapter 13 case had not occurred.

**WHEREFORE,** The DSO Creditors respectfully request that this Honorable Court:

**(a)** TAKE NOTICE that Debtor subsequently cured the post-petition domestic support arrearage identified in Dkt. No. 26;

**(b)** TAKE NOTICE of the subsequent material developments reflected in the Chapter 13 Trustee's unfavorable report at Dkt. No. 37 and this Court's Minutes and Order at Dkt. No. 44;

**(c)** TAKE NOTICE that material financial documentation requested by the Chapter 13 Trustee remains outstanding, including, to the DSO Creditors' knowledge, the requested personal and corporate bank statements and corporate tax returns;

**(d)** MAINTAIN Dkt. No. 26 pending during the settlement period established by this Court;

**(e)** in the event the parties are unable to reach a consensual resolution within the period established by the Court, CONSIDER the Motion to Dismiss upon the complete record then before the Court, including the subsequent developments described herein, and determine whether dismissal for cause pursuant to 11 U.S.C. § 1307(c), with such bar to refiling as the Court deems appropriate, is warranted; and

**(f)** GRANT such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 8th day of October, 2026.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY: that on this same date I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties to their registered email addresses.**

**S/CARLA ARRAIZA GONZÁLEZ**
**USDC-PR- 221309**
**PO BOX 9023525**
**San Juan, P.R. 00902-3525**
**Tel / Fax (787)721-4648**
**carla.arraiza@gmail.com**